IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW MEXICO, *et al.,*<br><br>      Plaintiffs,<br><br>      v.<br><br>ELON MUSK, *et al.*,<br><br>      Defendants. | C.A. No. 1:25-cv-00429<br><br>**PARTIES' JOINT STATUS REPORT IN RESPONSE TO COURT'S MARCH 17, 2025 ORDER** |

In response to this Court's Order on March 17, 2025, the parties have conferred and submit this joint status report outlining their respective positions regarding consolidation of this matter with *Japanese American Citizens League, et al. v. Musk et al.*, No. 25-cv-643.  Given the complex interactions between various procedural issues, Plaintiff States believe that it would be helpful to hold a virtual status conference to discuss these issues.

**DEFENDANTS' POSITION**

I.      **Consolidation of the *JACL and New Mexico Cases for All Purposes is Warranted***

Consistent with Federal Rule of Civil Procedure 1, Defendants believe that consolidation of the *New Mexico* and *JACL* cases for all purposes would best "secure the just, speedy, and inexpensive determination" of these cases.[1]  Consolidation is warranted "[i]f actions before the court involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  "Actions that involve the same parties are apt candidates for consolidation," and "consolidation is particularly appropriate when the actions are likely to involve substantially . . . the same series of events or

---

[1] Defendants' response to the Court's order is the same in both the *New Mexico* and *JACL* cases.

facts." *Hanson v. Dist. of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009) (citations omitted).

However, "[i]dentity of the parties is not a prerequisite" to consolidation and "cases may be

consolidated even where certain defendants are named in only one of the Complaints or where  .

. . plaintiffs are different but asserting identical questions of law against the same defendant."

*Nat'l Ass'n of Morg. Brokers v. Bd. of Governors of Fed. Res. Sys.*, 770 F. Supp. 2d 283, 286

(D.D.C. 2011).  Ultimately, in considering whether to consolidate cases, courts "must weigh the

risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings

on common factual and legal questions, the burden on the parties and the court, the length of

time, and the relative expense of proceeding with separate lawsuits if they are not consolidated."

*Id.*

 Consolidation of the *New Mexico* and *JACL* cases is warranted here.  First, as the

Plaintiffs in *JACL* acknowledge, there is a substantial overlap of factual and legal issues between

the two cases:

- "Both cases challenge Defendants Elon Musk and the U.S. DOGE Service's (DOGE) attempts to exercise sweeping control over broad swaths of the federal government";

- "The cases both involve issues of the nature and extent of Mr. Musk and DOGE's control over federal spending, contracts, staffing, and structure";

- "The two cases also involve overlapping legal and factual claims, including whether Mr. Musk and DOGE's efforts, and the authority they purport to wield, are ultra vires, violating the Appointments Clause, and violating separation of powers"; and

- "[B]oth involve overlapping requests for relief, including declarations that the defendants' conduct lacks legal authority, and corresponding injunctive relief enjoining defendants from taking further action to contract federal spending and take personnel actions as to federal employees."

*JACL*, ECF No. 2 at 2.

 In addition, both cases have named Elon Musk in his official capacity and the U.S.

DOGE Service ("USDS") as Defendants.  *Compare New Mexico*, ECF No. 2 at 2 *with JACL*,

ECF No. 1 at 1-2. *Nat'l Ass'n of Morg. Brokers*, 770 F. Supp. 2d at 286. Although the Plaintiffs

in *JACL* have also named 16 federal agencies and the Acting USDS Administrator, in her official

capacity, and the Plaintiffs in *New Mexico* have also named the U.S. DOGE Service Temporary

Organization and President Trump in his official capacity, the core of both Plaintiffs' complaints

is on the actions taken by Mr. Musk and the USDS.

   In addition, both cases are in similar procedural postures, with *New Mexico* filing its

lawsuit on February 13, 2025 and *JACL* filing its lawsuit less than three weeks later on March 5,

2025. Although both sets of Plaintiffs intend to file motions for a preliminary injunction, neither

has done so yet. And while Defendants' motion to dismiss in *New Mexico* will be fully briefed

on March 19, 2025, the Court could set an expedited motion to dismiss briefing schedule in

*JACL* to keep the cases on roughly the same schedule. In addition, both cases seek overlapping

discovery, with *JACL* explicitly requesting all discovery produced in *New Mexico* (among

additional categories of discovery). *See JACL*, ECF No. 11-1 at 8 (Plaintiffs' Request for

Production No. 1).

   Given the substantial legal and factual overlap between the *New Mexico* and *JACL* cases,

as well as the overlap between the defendants there is little risk of prejudice or confusion if these

cases were consolidated. On the other side of the ledger, the failure to consolidate would simply

result in unnecessary duplication in terms of motions practice and potential discovery, resulting

in increased expense and delay.

   The *JACL* Plaintiffs take the position that they support consolidation of the *JACL* and

*New Mexico* cases for purposes of the preliminary injunction hearing but oppose consolidation

that leads to the advancement of their case on the merits. But this position makes little sense, as

the Court has already concluded that "to avoid prejudice to Defendants and expeditiously resolve

[the *New Mexico*] case, the court will exercise its discretion to consolidate the motion for a

preliminary injunction with the merits under Federal Rule of Civil Procedure 65(a)(2)." ECF

No. 60 at 4. The *JACL* Plaintiffs fail to explain why their lawsuit should not be treated similarly

to *New Mexico* or how it would be efficient to consolidate the cases for purposes of a preliminary

injunction hearing but not have their preliminary injunction motion consolidated with the merits.

The *JACL* Plaintiffs devote much of their portion of the Joint Status Report arguing as to

why discovery is necessary to resolve their claims. But as Defendants have explained in *New*

*Mexico*, discovery is unnecessary to resolve these claims, ECF No. 58, and in any event, as

apparent from the face of *JACL*'s proposed discovery, much if not all of it would run afoul of the

Supreme Court's decision in *Cheney v. U.S. District Court for Dist. of Columbia*, 542 U.S. 367,

371, 385 (2004). And to the extent the Plaintiffs seek discovery against the agency defendants

based on their Administrative Procedure Act claim, no discovery is permitted, and review is

limited to the administrative record prepared by the agencies. *See* 5 U.S.C. § 706 ("[T]he court

shall review the whole record or those parts of it cited by a party."); *Hill Dermaceuticals, Inc. v.*

*FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013) ("[I]t is black-letter administrative law that in

an APA case, a reviewing court should have before it neither more nor less information than did

the agency when it made its decision." (internal quotation marks omitted)); *Texas Rural Legal*

*Aid, Inc. v. Legal Servs. Corp.*, 940 F.2d 685, 698 (D.C. Cir. 1991) ("Ordinarily judicial review

of informal agency rule-making is confined to the administrative record; neither party is entitled

to supplement that record with litigation affidavits or other evidentiary material that was not

before the agency."). Discovery or supplementation of the administrative record is therefore not

permitted "unless [a party] can demonstrate unusual circumstances justifying a departure from

this general rule." *City of Dania Beach v. FAA*, 628 F.3d 581, 590 (D.C. Cir. 2010) (internal quotation marks omitted).

**II.      The Effect of Consolidation on Existing Deadlines and Further Proceedings**

As discussed above, consolidation should have minimal effect on further proceedings in both cases, as they are in substantially similar early postures.   To further align these two cases, the Court could order an expedited motion to dismiss briefing schedule in *JACL*.  In addition, although the Court has already authorized discovery in advance of the Plaintiffs' motion for preliminary injunction in *New Mexico*, and the Court has not yet ruled on the similar motion in *JACL*, Defendants anticipate filing a motion for mandamus of the Court's March 12, 2025 discovery order in *New Mexico* with the United States Court of Appeals for the District of Columbia Circuit by March 19, 2025.  Accordingly, it may make sense to hold *JACL*'s motion for discovery in abeyance until final appellate resolution of the *New Mexico* mandamus petition. Similarly, it may make sense to hold the *New Mexico* preliminary injunction briefing schedule in abeyance until final appellate resolution of the *New Mexico* mandamus petition and then set a consolidated preliminary injunction briefing schedule for both cases.

The States' portion of the Joint Status Report largely consists of an improper motion for reconsideration of the Court's order consolidating "the motion for a preliminary injunction with the merits under Federal Rule of Civil Procedure 65(a)(2)."  ECF No. 60 at 7.  Defendants received the States' portion of the Joint Status Report at approximately 4:08 pm today, and have not had the opportunity to respond to the State's arguments concerning reconsideration.  To the extent the Court is willing to entertain the States' request, Defendants respectfully request an opportunity to respond in full to the States' reconsideration arguments.

Defendants' proposed order is attached as Exhibit A.

**PLAINTIFFS' POSITION**

**I.    Position regarding consolidating the actions under Rule 42(a)(2).**

Plaintiffs do not object to consolidation of common issues of law and fact in this matter

with *Japanese American Citizens League* (the "JACL Action") under Rule 42(a)(1) solely for

purposes of the preliminary injunction hearing.[2]  Plaintiffs are unsure whether the Court's order

regarding the motion for expedited discovery reflected an intent to consolidate the preliminary

injunction hearing and full merits proceedings under Rule 65, or whether the Court intended only

consolidation of preliminary injunction and summary judgment proceedings under Rule 65.  ECF

No. 60, 61.  For the avoidance of doubt, Plaintiffs request that the Court decline to fully consolidate

the preliminary injunction hearing with full merits proceedings under Rule 65, especially in light

of any consolidation of the actions under Rule 42.  *See* Section II, below; *Does 1-26 v. Musk*, No.

8:25-cv-00462, slip op. 67-68 (D. Md. March 18, 2025) (granting a preliminary injunction against

Defendants Musk and DOGE and stating that the Court "will not consolidate the preliminary

injunction motion with a final determination on the merits because factual disputes remain that

will require discovery before a final decision on the merits can be made").

If the Court decides to consolidate these actions under Rule 42 and to consolidate the

preliminary injunction hearing and full merits proceedings under Rule 65, Plaintiffs request that

the Court (1) vacate and extend the current briefing schedule, and (2) allow additional discovery

so that Plaintiffs may fully present their case on the merits.  This would further judicial efficiency

(through consolidation of the actions) while protecting due process (by allowing full discovery).

---

[2] Although the two actions have multiple overlapping issues of law and fact, not all claims are
common.  For example, Plaintiff States have not brought a claim under the Administrative
Procedure Act, as the JACL Plaintiffs have, nor have Plaintiff States sued the agency defendants
named in that claim in the JACL Action.  As a result, Plaintiff States believe it would be
premature at this time to fully consolidate the two actions under Rule 42(a)(2).

However, full consolidation of the preliminary injunction and the merits in this manner would delay a remedy for Defendants' continued unlawful conduct; for this reason, Plaintiffs respectfully request that the Court instead consolidate only the preliminary injunction proceedings in this action and the JACL action, with respect to common issues of law and fact, and to clarify that this consolidated preliminary injunction proceeding will not amount to a full merits determination in either action.

Plaintiffs' proposed order is attached as Exhibit B.

## II.    Objections to treating the preliminary injunction hearing as the full trial on the merits.

In its February 20, 2025 scheduling order, the Court directed Plaintiffs to file a motion for expedited discovery on February 24, 2025 and a preliminary injunction motion on April 11, 2025. ECF No. 36. In their Motion for Expedited Discovery, Plaintiffs asked the Court for leave to serve written discovery requests and to take two depositions, to be completed no later than April 4, 2025. ECF No. 45 at 9. In light of this Court's instruction "that the requested discovery must be limited and narrowly tailored to the preliminary injunction," ECF No. 36 at 1, Plaintiffs tailored their requested "limited written and document discovery" to the preliminary injunction phase and their burden at this preliminary stage, including by declining to seek "emails, text messages, or other electronic communications at this stage," ECF No. 45 at 3, 7.

On March 12, 2025, the Court granted in part and denied in part Plaintiffs' discovery motion. ECF Nos. 60, 61. The Court permitted Plaintiffs to serve modified written discovery requests and required Defendants to respond within 21 days of the Court's order, making Defendants' responses due on April 2, 2025. ECF No. 61. But the Court denied without prejudice Plaintiffs' request to take depositions, noting that if "Defendants fail to adequately respond to Plaintiffs' written discovery, Plaintiffs may renew their requests for deposition." ECF No. 60 at

12.  The Court also exercised its discretion "to consolidate the motion for a preliminary injunction with the merits." *Id.* at 4; ECF No. 61 at 2. Plaintiffs are unsure whether that order contemplates treating the preliminary injunction hearing as the final trial on the merits, or a more modest consolidation in line with prior practice in this District and by this Court.

Plaintiffs did not request Rule 65 consolidation and objected to consolidating, previously stating: "Plaintiffs do not presently intend to consolidate their request for preliminary injunctive relief with briefing on the merits of their claims and oppose Defendants' request at this time, *in case further discovery is needed beyond the expedited discovery prior to a preliminary injunction.*" ECF No. 32 at 1-2 (emphasis added). This is Plaintiffs' first opportunity to seek clarification—or if necessary, to object—to the Court's sua sponte consolidation under Rule 65, and therefore Plaintiffs make those points here.

Further, Plaintiffs elaborate on their concerns as they relate to this Court's March 17 Order directing the parties to address "the effect of consolidation [of the two actions] on existing deadlines and further proceedings."  In short, Plaintiffs specifically tailored their expedited discovery requests to the preliminary injunction stage and their burden for seeking preliminary relief.  Full Rule 65 consolidation will deprive Plaintiffs of their ability to take more fulsome discovery in the ordinary course of the case, with possibly dispositive consequences.  And the prejudice to Plaintiffs from full consolidation and limited discovery will only increase if this matter is joined with another under the current schedule and consolidation order.

**A. The Court should not decide at this time that the preliminary injunction hearing shall be the final trial on the merits.**

Plaintiffs respectfully ask this Court to clarify its prior order to state that it is not deciding now that the preliminary injunction hearing shall be the final trial on the merits.  That will preserve

Plaintiffs' rights to take additional discovery after the preliminary injunction proceedings, if necessary, and prepare for their full case on the merits.

"A litigant applying for a preliminary injunction should seldom be required either to forego discovery in order to seek emergency relief, or to forego a prompt application for an injunction in order to prepare adequately for trial," including because "[d]ifferent standards of proof and of preparation may apply to the emergency hearing as opposed to the full trial." *Pughsley v. 3750 Lake Shore*, 463 F.2d 1055, 1057 (7th Cir. 1972) (Stevens, J.).

As the U.S. Supreme Court has recognized, the "purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). And therefore, "[g]iven this limited purpose, and given the haste that is often necessary if those positions are to be preserved," parties often seek preliminary relief "on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Id.* Accordingly, "[a] party is thus not required to prove his case in full at a preliminary injunction hearing," and "it is generally inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits." *Id.*

Indeed, this is why notice is required before Rule 65 consolidation: "In a hearing on a motion for preliminary injunction, 'the facts adduced ... often will not be sufficient to permit an informed determination of whether a direction for the entry of judgment is appropriate.' Accordingly, a party addressing only issues of preliminary relief should not ordinarily be bound by its abbreviated and only partially informed presentation of the merits." *Berry v. Bean*, 796 F.2d 713, 719 (4th Cir. 1986) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure, § 2950, at 492 (1973)).

Thus, cases where Rule 65 consolidation is appropriate generally involve circumstances where "the parties consent" to consolidation, the "discovery has been concluded," or "it is manifest that there is no occasion for discovery." *Pughsley*, 463 F.2d at 1057. Other circumstances appropriate for consolidation include cases "in which the relevant facts are undisputed," the relevant evidence "is limited to [an] administrative record," or when "none of the parties contemplated a further stage of th[e] litigation for the purpose of presenting evidence." *Morris v. District of Columbia*, 38 F. Supp. 3d 57, 63 (D.D.C. 2014) (quoting and discussing cases).

In light of these established principles, deciding now to treat the preliminary injunction hearing as the final trial on the merits is inappropriate here for three main reasons.

*First*, this is not a case involving pure legal issues, a closed record, or undisputed facts. To the contrary, several aspects of Plaintiffs' claims hinge on highly contested issues of fact, including whether Defendant Musk and the Defendant DOGE entities are ordering certain actions and in fact exercising certain powers. Relevant discovery on those issues will include electronic messages and communications that Plaintiffs did not seek at this early stage of the case, as well as depositions and other written discovery that either this Court has not allowed or that Plaintiffs have not yet sought. *See Lamex Foods, Inc. v. Audeliz Lebron Corp.*, 646 F.3d 100, 106 (1st Cir. 2011) (noting that "there are 'hazards inherent in fully disposing of cases in such an expedited fashion—among them incomplete coverage of relevant issues and failure to present all relevant evidence" (citation omitted)). Such evidence may be especially important given the contradictions between Defendants' positions in court and in public, as discussed in the JACL Plaintiffs' status report, unless of course there are "smoking guns" in Defendants' document productions and discovery responses – which we simply do not know at this time.

***Second***, and relatedly, full consolidation under Rule 65 would mean that Plaintiffs must show actual success on the merits, rather than likelihood of success for a preliminary injunction. *Amoco Prod. Co. v. Vill. Of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success."); *see Edmo v. Corizon, Inc.*, 935 F.3d 757, 784 n.13 (9th Cir. 2019) (same); *see also Citibank, N.A. v. Brigade Capital Mgmt., LP*, 49 F.3th 42, 57 n.9 (2d Cir. 2022) ("[T]he standard for grant of a preliminary injunction turns not on entitlement to final relief but only on likelihood of success on the merits….").

Importantly, in an attempt to heed this Court's cautionary instruction, Plaintiffs narrowly tailored their expedited discovery requests to their forthcoming preliminary injunction motion, and specifically to showing imminent harm and a likelihood of success on the merits. Plaintiffs did not seek the broader universe of relevant discovery to which they would be entitled under the Rules of Civil Procedure and that they would need in order to fully probe and present their case on the merits. *Commodity Futures Trading Comm'n v. Bd. of Trade of City of Chicago*, 657 F.2d 124, 126 (7th Cir. 1981) ("Although Fed. R. Civ. P. 65(a)(2) does permit a court to order consolidation of trial on the merits with a preliminary injunction hearing, consolidation should not deprive the parties of a full opportunity to discover and present all their evidence.").

In other words, the Court granted the Plaintiffs' discovery requests because they were narrowly tailored to preliminary relief and a preliminary burden. Treating the preliminary injunction as the final trial on the merits would increase Plaintiffs' burden without the commensurate discovery allowance to meet that burden. Although Rule 65 consolidation certainly can be appropriate in many cases for efficiency purposes or other reasons, it would be premature

11

to decide now that this is one of them. *Cf. Am. Horse Protection Ass'n v. Lyng*, 690 F. Supp. 40, 45 (D.D.C. 1988) (noting that consolidation might be appropriate because "no factual dispute exist[ed] as to the ground in which the injunction [was] sought" and parties' arguments would be the same, but not consolidating "[i]n the interest of fairness" to allow objecting party "to make [a certain] showing prior to the Court's consideration of entering a permanent injunction").

*Finally*, full Rule 65 consolidation under the circumstances would effectively put Plaintiffs to the choice of "forego[ing] [fulsome] discovery in order to seek emergency relief" that they need now, or "to forego a prompt application for a[] [preliminary] injunction in order to prepare adequately for trial" with ordinary non-expedited discovery. *Pughsley*, 463 F.2d at 1057. But again, the "purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Camenisch*, 451 U.S. at 395. The purpose is not to put a plaintiff between a rock and a hard place, having to choose between seeking to preserve the status quo on a possibly insufficient record or losing the opportunity for preliminary relief in order to obtain full discovery and prepare the case on the merits.

**B. Consolidating the two actions would exacerbate the problems with deciding now to treat the preliminary injunction hearing as the final trial on the merits.**

If this Court consolidates the two actions under Rule 42(a)(2) and decides now to treat the preliminary injunction hearing as the full trial on the merits, it will exacerbate the prejudice to Plaintiffs. The consolidated case will involve more parties, more fact issues, and more fast-moving logistics, with higher stakes for all plaintiffs. The additional complexity on a still-expedited schedule will increase the difficulty Plaintiffs might have in raising discovery disputes with Defendants' production and obtaining prompt relief to file their preliminary injunction motion and prepare to make their case on the higher merits burden.

To be clear, there might be circumstances under which Plaintiffs would not oppose consolidation of the preliminary injunction hearing and trial on the merits, with or without consolidation of the two actions. But in either event, Rule 65 consolidation would require allowing Plaintiffs to determine whether to take more fulsome discovery beyond the narrowly tailored expedited discovery crafted solely for preliminary injunction purposes and a preliminary injunction burden.

### III.    The effect of consolidating the actions on existing deadlines and further proceedings.

The effect on existing deadlines will depend on the details of the Court's decisions regarding consolidation under Rules 42 and 65. Plaintiffs address two possibilities below.

Either way, Plaintiffs oppose Defendants' request to hold the preliminary injunction schedule in abeyance based on the mere filing of their petition for a writ of mandamus in the D.C. Circuit. If any appellate court orders a stay or any relief to Defendants, the parties and Court can revisit the schedule.

### A.  Consolidated actions, but no full consolidation of preliminary injunction and the merits.

If the Court decides to (1) consolidate the two actions or hold a consolidated hearing, (2) separate (at least for now) the preliminary injunction hearing from the final trial on the merits, and (3) grant the JACL Plaintiffs' motion for expedited discovery in whole or in part, then the preliminary injunction briefing schedule will need to be pushed back to reflect the time for Defendants to produce and the Plaintiffs to review the JACL discovery prior to the filing of preliminary injunction motions. Although the details will depend on when the Court rules on the JACL Plaintiffs' motion for expedited discovery and how much time the Court gives Defendants to provide the requested discovery, Plaintiffs estimate that the preliminary injunction briefing schedule would be pushed back by about two weeks, as described in the JACL Plaintiffs' status report. Plaintiffs oppose extending the briefing schedule by significantly more than two weeks.

In any event, there will be only a short period of time between when Defendants' document production and discovery responses are due (April 2 to Plaintiff States) and the deadline for a preliminary injunction motion. If Defendants' document production or discovery responses are inadequate, there will be very little time for Plaintiffs to raise, and the Court to adjudicate, any discovery disputes that may arise and for Defendants to then supplement their production or responses, or for Plaintiffs to take depositions with leave of Court, before the preliminary injunction motion is due. Accordingly, Plaintiffs request that the Court promptly set a status conference for Friday, April 4 or early in the week of April 7 to facilitate the prompt resolution of any disputes based on Defendants' document production and discovery responses. At this status conference, the parties and Court could also discuss whether the preliminary injunction hearing ought to include live witness testimony, and if so, appropriate pre-hearing deadlines, e.g. for the disclosure of exhibits and witnesses.

**B. Consolidated actions, and full consolidation of preliminary injunction with the merits.**

If the Court consolidates the actions or holds a consolidated hearing under Rule 42 and decides now to treat the preliminary injunction hearing as the final trial on the merits under Rule 65(a)(2), then Plaintiffs ask that the Court vacate the current preliminary injunction briefing schedule and set a status conference to discuss a revised discovery and briefing schedule. *See Vaqueria Tres Monjitas, Inc. v. LaBoy*, 448 F. Supp. 2d 340, 347 (D. P.R. 2006) ("Because different standards of proof may apply in the hearing than in the trial, parties must be given a clear chance to object or to propose special procedures for the consolidation." (citation omitted)). The discovery and briefing schedule should account for the burden Plaintiffs would need to meet for a trial on the merits, as discussed in section II(A) above, and the fact that their discovery in this case will be limited to the discovery obtained at the preliminary injunction stage.

14

Dated: March 18, 2025

Respectfully submitted,

**KRISTIN K. MAYES**
Attorney General for the State of Arizona

By: /s/ Joshua D. Bendor
Joshua D. Bendor
D.D.C. Bar ID 031908
*Solicitor General*
Daniel Clayton Barr
*Chief Deputy Attorney General*
Joshua A. Katz
*Assistant Attorney General*
2005 North Central Avenue
Phoenix, AZ 85004
(602) 542-3333
Joshua.Bendor@azag.gov
Daniel.Barr@azag.gov
Joshua.Katz@azag.gov

*Attorney for the State of Arizona*

**RAÚL TORREZ**
Attorney General of the State of New Mexico

Anjana Samant
D.D.C. Bar ID 4267019
*Deputy Counsel*
James Grayson
*Chief Deputy Attorney General*
Steven Perfrement*
*Assistant Attorney General*
Malina Simard-Halm
*Assistant Attorney General*
Astrid Carrete
*Assistant Attorney General*
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM  87501
jgrayson@nmdoj.gov
asamant@nmdoj.gov
sperfrement@nmdoj.gov

15

msimard-halm@nmdoj.gov
(505) 270-4332

*Attorneys for the State of New Mexico*


**DANA NESSEL**
Attorney General, State of Michigan

Jason Evans
*Assistant Attorney General*
Joseph Potchen
*Deputy Attorney General*
Linus Banghart-Linn*
*Chief Legal Counsel*
Michigan Department of Attorney General
525 W. Ottawa St.
Lansing, MI 48933
(517) 335-7632
evansj@michigan.gov

*Attorneys for the People of the State of Michigan*


**ROB BONTA**
Attorney General for the State of California

Nicholas R. Green
*Deputy Attorney General*
Thomas S. Patterson*
*Senior Assistant Attorney General*
Mark R. Beckington*
John D. Echeverria*
*Supervising Deputy Attorneys General*
Maria F. Buxton
Michael E. Cohen*
Carolyn Downs
*Deputy Attorneys General*
California Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
(415) 510–4400
nicholas.green@doj.ca.gov

*Counsel for the State of California*

16

**WILLIAM TONG**
Attorney General for the State of Connecticut

Timothy Holzman
*Assistant Attorney General*
165 Capitol Ave.
Hartford, CT 06106
(860) 808-5020
Timothy.Holzman@ct.gov

*Attorneys for the State of Connecticut*


**ANNE E. LOPEZ**
Attorney General for the State of Hawai'i

Kaliko'onālani D. Fernandes
*Solicitor General*
David D. Day
*Special Assistant to the Attorney General*
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

*Attorneys for the State of Hawai'i*


**ANTHONY G. BROWN**
Attorney General for the State of Maryland

Adam D. Kirschner
*Senior Assistant Attorney General*
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
(410) 576-6424
AKirschner@oag.state.md.us

*Attorneys for the State of Maryland*


**ANDREA JOY CAMPBELL**
Attorney General of Massachusetts

Gerard J. Cedrone
*Deputy State Solicitor*

17

Massachusetts Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2282
gerard.cedrone@mass.gov

*Attorneys for the Commonwealth of Massachusetts*


**KEITH ELLISON**
Attorney General for the State of Minnesota

Liz Kramer**
*Solicitor General*
445 Minnesota Street, Suite 600
St. Paul, MN 55101
(651) 757-1010
liz.kramer@ag.state.mn.us

*Attorneys for the State of Minnesota*


**AARON D. FORD**
Attorney General for the State of Nevada

Heidi Parry Stern
D.D.C. Bar ID 8873
*Solicitor General*
Office of the Nevada Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
HStern@ag.nv.gov


**DAN RAYFIELD**
Attorney General for the State of Oregon

Brian S. Marshall
D.D.C. Bar ID 501670
*Senior Assistant Attorney General*
100 SW Market Street
Portland, OR 97201
(971) 673-1880
brian.s.marshall@doj.oregon.gov

*Counsel for the State of Oregon*

18

**PETER F. NERONHA**
Attorney General for the State of Rhode Island

Jeff Kidd
*Special Assistant Attorney General*
150 South Main Street
Providence, RI 02903
(401) 274-4400
jkidd@riag.ri.gov

*Attorneys for the State of Rhode Island*


**CHARITY R. CLARK**
Attorney General for the State of Vermont

Ryan P. Kane
*Deputy Solicitor General*
109 State Street
Montpelier, VT 05609
(802) 828-2153
ryan.kane@vermont.gov

*Attorneys for the State of Vermont*


**NICHOLAS W. BROWN**
Attorney General for the State of Washington

Kelsey Endres
*Assistant Attorney General*
Emma Grunberg
*Deputy Solicitor General*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
kelsey.endres@atg.wa.gov
emma.grunberg@atg.wa.gov

*Attorneys for the State of Washington*


*\* Pro Hac Vice Motion Forthcoming*
*\*\* Pro Hac Vice Motion Pending*

19

YAAKOV M. ROTH
Acting Assistant Attorney General, Civil Division

DIANE KELLEHER
Director, Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director, Federal Programs Branch

 */s/ Joshua E. Gardner*
JOSHUA E. GARDNER (FL Bar No. 302820)
Special Counsel

CHRISTOPHER M. LYNCH
(D.C. Bar No. 1049152)
JACOB S. SILER (DC Bar No. 1003383)
JAMES J. WEN (NY Bar No. 5422126)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
(202) 305-7583
joshua.e.gardner@usdoj.gov

*Attorneys for Defendants*