IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW MEXICO, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELON MUSK, *in his official capacity*, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00429-TSC (Lead) |
| JAPANESE AMERICAN CITIZENS LEAGUE, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELON MUSK, *in his official capacity*, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00643-TSC |

**MOTION FOR LEAVE TO IDENTIFY PLAINTIFFS' DECLARANT BY PSEUDONYM**

Plaintiffs Japanese American Citizens League (JACL), OCA – Asian Pacific American Advocates (OCA), Sierra Club, and Union of Concerned Scientists (UCS) hereby move the Court for an order allowing a nonparty who is submitting a declaration in support of their Reply in Support of Expedited Motion for Expedited Discovery to be identified using the pseudonym "J. Doe 1" in public filings. Prior to filing today, at 1:02 PM ET, counsel for Plaintiffs emailed counsel for the parties in this consolidated case regarding this motion. State Plaintiffs in *New Mexico v. Musk* indicated they had no objection. Defendants did not respond.[1]

---

[1] Plaintiffs anticipate requesting similar leave for additional declarants in their forthcoming motion for preliminary injunction and potentially at other stages of this litigation, for similar reasons.

1

**BACKGROUND**

This case concerns Defendants Elon Musk and DOGE's lawless exercise of sweeping power over federal spending and federal agencies. ECF No. 1 ("Compl.").[2] Plaintiffs have requested expedited discovery to develop the record in support of a forthcoming motion for preliminary injunction. ECF No. 11.

In light of Defendants' claim that Plaintiffs' requested discovery is unnecessary, ECF No. 49, Plaintiffs seek to file a declaration ("Doe 1 Declaration")[3] from an individual ("Doe 1 Declarant") who is a member of a Plaintiff organization but is not an individual party to the case As described in their declaration, the individual is a research scientist at a highly ranked private university and a member of UCS. Doe 1 Declaration ¶¶ 1-2. The declarant's Department of Education research grant was abruptly terminated on February 10, 2025. *Id.* ¶ 6. While the termination notice was signed by a Department of Education official, the file's metadata indicates that it was authored by Brooks Morgan, who—according to public reporting—is part of DOGE. *Id.* ¶¶ 7-8.[4] The contradiction between the signatory of the document and the file's author shows the degree to which DOGE's role in terminating federal grants and contracts and dismantling agencies remains opaque and the need for expedited discovery notwithstanding Defendants' claims to the contrary.

The Doe 1 Declarant wishes to protect their identity from public disclosure because they reasonably fear retaliation and retribution for expressing their viewpoint in a lawsuit against Mr.

---

[2] Unless otherwise specified, ECF cites are to the docket in *Japanese American Citizens League v. Musk*, No. 1:25-cv-00643 (D.D.C. filed Mar. 5, 2025).
[3] Plaintiffs will file the Doe 1 declaration as Exhibit A to their Reply in Support of Expedited Motion for Expedited Discovery.
[4] *See, e.g.*, *The People Carrying Out Musk's Plans at DOGE,* N.Y. Times (Mar. 14, 2025), https://www.nytimes.com/interactive/2025/02/27/us/politics/doge-staff-list.html.

Musk and DOGE. Mr. Musk has used his control of and presence on X to threaten, mock, and disparage individuals opposed to his actions. Compl. ¶ 321 n. 124. Moreover, the Doe 1 Declarant fears that Mr. Musk, DOGE, and/or other federal officials and agencies could retaliate by barring them from receiving federal research funds in the future.

## ARGUMENT

This motion does not involve a party seeking to litigate pseudonymously. Whereas pseudonymous requests by parties are disfavored because "[t]he people have a right to know who is using their courts," *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)), granting anonymity to a non-party declarant would not deprive the public of that right and therefore does not implicate the same concern. *See Blue Cross & Blue Shield United of Wis.*, 112 F.3d at 872 ("Identifying the parties to the proceeding is an important dimension of publicness."). Plaintiffs nevertheless provide the analysis used for party pseudonymity requests. As to determining whether a party may proceed pseudonymously, the D.C. Circuit balances these "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> [3] the ages of the persons whose privacy interests are sought to be protected;
> [4] whether the action is against a governmental or private party; and, relatedly,
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*In re Sealed Case*, 971 F.3d at 326–27 (citation omitted). These factors clearly weigh in favor of permitting the declarant to proceed pseudonymously.

The D.C. Circuit has cautioned that these factors are flexible, not rigid, and that "district courts should take into account other factors relevant to the particular case under consideration."

3

*In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019) (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008)). Another court in this district recently permitted plaintiffs in a case against executive branch defendants to submit pseudonymous declarations, *see* Minute Order, *Nat'l Treasury Empl. Union. v. Vought*, No. 1:25-cv-00381-ABJ (D.D.C Feb. 28, 2025), and a district court likewise recently permitted plaintiffs in a similar case against DOGE and Mr. Musk to proceed pseudonymously. *See* Order, *Does 1-26 v. Musk*, No. CV 25-0462-TDC (D. Md. Feb. 20, 2025), ECF No. 24.

Courts in this district have regularly permitted the filing of anonymous non-party declarations. *See, e.g.*, *Aids Vaccine Advoc. Coal. v. Dep't of State*, No. 1:25-cv-00400 (AHA), 2025 WL 752378, *13 (D.D.C. Mar. 10, 2025) (noting use of anonymous declarations); *United States v. Wills*, No. CR 18-0117 (PLF), 2018 WL 6716096, at *1 (D.D.C. Dec. 21, 2018) (same). Even applying the more rigorous analysis applicable to parties seeking to proceed via pseudonym, this Court should grant Plaintiffs permission to file the Doe 1 Declaration in support of its Reply in Support of Expedited Motion for Expedited Discovery pseudonymously, in order to protect the Doe 1 Declarant's privacy interest in safeguarding their identity and mitigating the risk of retaliation.

### A. Permitting the Doe 1 Declarant to Proceed Under Pseudonym Is Intended to Preserve Privacy

The first factor weighs in favor of permitting anonymity because the purpose of Plaintiffs' request is to preserve their declarant's privacy in a sensitive matter, rather than merely to avoid annoyance and criticism. *See In re Sealed Case*, 971 F.3d at 327. The D.C. Circuit has made clear that this analysis is "flexible and fact driven." *Id.* at 326. Here, the identity of the Doe 1 Declarant is sensitive and concern for privacy is heightened because they are taking part in a high-profile lawsuit against executive branch officials who have demonstrated a tendency to retaliate against

perceived critics, including through public statements, as discussed *infra* in Section B. As such, public disclosure of the Doe 1 Declarant's identity in connection with the lawsuit would likely be "traumatic" and "impede on [the declarant's] personal life." *Doe v. Austin*, No. CV 22-3474 (RC), 2024 WL 864197, at *3 (D.D.C. Feb. 29, 2024).

### B. The Doe 1 Declarant is at Risk of Retaliation.

The second factor also weighs in favor of anonymity because the disclosure of the Doe 1 Declarant's identity risks retaliation against the declarant, who as a non-party warrants increased protection by the Court. *See In re Sealed Case*, 971 F.3d at 326. Mr. Musk regularly uses X—the social media platform he owns and where he has more than 200 million followers—to denounce his critics, others he perceives as opponents, and their families and to publicize personal information about them. For example, Mr. Musk has publicly accused one lawyer in a case against Mr. Musk and DOGE of being corrupt,[5] "undermining civilization,"[6] and being "a huge tool,"[7] and posited that the lawyer "suffer[ed] childhood trauma or something."[8] He not only has called judges who ruled against him "evil,"[9] "fake," and "corrupt,"[10] but also has called for their impeachment[11] and has publicized their spouses' names and occupations.[12] After a *Wall Street Journal* reporter revealed that a DOGE employee had posted racist statements online, Mr. Musk publicly called for the reporter to "be fired immediately."[13]

---

[5] Elon Musk (@elonmusk), X (Feb. 17, 2025, 11:32 AM), https://perma.cc/83RV-DS5N.
[6] Elon Musk (@elonmusk), X (Feb. 14, 2025, 9:19 AM), https://perma.cc/9NNM-4RMW.
[7] Elon Musk (@elonmusk), X (Feb. 19, 2025, 9:20 PM), https://perma.cc/YEA3-TZEL.
[8] Elon Musk (@elonmusk), X (Feb. 14, 2025, 9:19 AM), https://perma.cc/P4SJ-PHXR.
[9] Elon Musk (@elonmusk), X (Feb. 12, 2025, 12:53 PM), https://perma.cc/CT38-MK9P.
[10] Elon Musk (@elonmusk), X (Feb. 12, 2025, 9:26 AM), https://perma.cc/E4WD-WJA7.
[11] Elon Musk (@elonmusk), X (Feb. 17, 2025, 3:38 PM), https://perma.cc/3BBB-CVMD.
[12] Elon Musk (@elonmusk), X (Feb. 12, 2025, 9:26 AM), https://perma.cc/26JY-7EWH; *see also* Elon Musk (@elonmusk), X (Mar. 18, 2025, 2:35 PM), https://perma.cc/9K9U-7BUY.
[13] Elon Musk (@elonmusk), X (Feb. 7, 2025, 7:36 AM), https://perma.cc/WA7S-49ND.

Further, Mr. Musk regularly suggests that people of whom he is critical should be investigated either civilly or criminally and are guilty of crimes—at times triggering calls for investigation, retaliation, or further criticism from other high-ranking officials in the federal government. For example, after Reuters published an article titled *Musk's DOGE Cuts Based More on Political Ideology Than Real Cost Savings So Far*, Mr. Musk posted on X, in response to a post about the article, "I wonder how much money Reuters is getting from the government? Let's find out."[14] Mr. Musk amplified a contract between Thomson Reuters Special Services LLC, which is owned by Reuters' parent company, and the Department of Defense. Mr. Musk claimed Reuters is a "total scam."[15] President Trump then publicly demanded that Reuters return the contract money, citing information from "DOGE."[16] Most recently, following a meeting with the Department of Defense on which the New York Time reported, Mr. Musk called for the "prosecutions" of individuals "leaking maliciously false information" to the Times.[17]

This administration has targeted perceived critics in other contexts. It has sought to punish law firms. *See e.g.* Executive Order 14230, 90 Fed. Reg. 11781 (Mar. 11, 2025) ("Addressing Risks from Perkins Coie LLP"); *see also* Temporary Restraining Order, *Perkins Coie LLP v. Dep't of Just.*, No. 1:25-cv-00716 (D.D.C. Mar. 12, 2025), ECF No. 21. This administration terminated a plaintiff's contract on the eve of a preliminary injunction hearing. Notice of Change of Material Facts, *U.S. Conf. of Catholic Bishops v. Dep't of State*, No. 1:25-cv-00465 (D.D.C. Feb. 27, 2025), ECF No. 27. And earlier today, it contacted a litigant's attorney and informed them "that the

---

[14] Elon Musk (@elonmusk), X (Feb. 12, 2025, 9:47 PM), https://perma.cc/E5E7-37NV.
[15] Elon Musk (@elonmusk), X (Feb. 12, 2025, 10:38 PM), https://perma.cc/Z4P5-SWPX.
[16] Donal J. Trump (@realDonaldTrump), Truth (Feb. 13, 2025, 4:58 AM), https://perma.cc/3DTH-R2BL.
[17] Eric Schmitt, et al., *Pentagon Set Up Briefing for Musk on Potential War With China*, New York Times (Mar. 20, 2025), https://www.nytimes.com/2025/03/20/us/politics/musk-pentagon-briefing-china-war-plan.html.

government intended to serve [plaintiff] with a Notice to Appear (NTA), and that they intended to take Mr. Taal into the custody of Immigration and Customs Enforcement." Letter Br., *Taal v. Trump*, No. 3:25-cv-00335 (N.D.N.Y. Mar 21, 2025), ECF No. 25.

The Doe 1 Declarant is a researcher, whose livelihood and professional opportunities are closely linked with access to federal funding opportunities. Mr. Musk and DOGE are seeking to cancel federal grants and contracts. Given Mr. Musk's vindictive statements and actions thus far, as well as other steps taken by the executive branch in recent weeks, the declarant reasonably fears future consequences for their scientific endeavors and career were the declarant not able to proceed under pseudonym.

### C. Minors' Interests are Not Implicated

This declaration does not implicate the privacy interests of any minors. While the third factor thus does not weigh in favor of Plaintiffs, no one factor is determinative, and the D.C. Circuit has stressed that courts should not simply "engage in a wooden exercise of ticking the five boxes." *In re Sealed Case*, 931 F.3d at 97.

### D. Plaintiffs' Action is Against the Government

The fourth factor asks "whether the action is against a governmental or private party." *In re Sealed Case,* 971 F.3d at 326. Although "there is heightened public interest when an individual or entity files suit against the government," *id*. at 326, that interest will not be injured if the Doe 1 Declarant is permitted to proceed pseudonymously. Moreover, "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about 'reputation' that private individuals have when they are publicly charged with wrongdoing.'" *J.W. v. District of Columbia*, 318 F.R.D. 196, 201 (D.D.C. 2016)

(quoting *Doe v. Cabrera*, 307 F.R.D. 1, 8 (D.D.C. 2014)); *see also Does 1-2 v. Off. of Pers. Mgmt.*, No. CV 25-234 (JEB), 2025 WL 384577, at *3 (D.D.C. Feb. 4, 2025) (same).

Even when courts take the opposite view, this factor weighs against plaintiffs only "very slightly" when "[t]here is nothing about [the] proceedings . . . that creates any need for transparency with respect to plaintiff's identity." *Doe v. Garland*, No. 21-mc-44, 2021 WL 3622425, at *3 (D.D.C. Apr. 28, 2021); *see also Doe v. Austin*, No. CV 22-3474 (RC), 2024 WL 864197, at *4 (D.D.C. Feb. 29, 2024) (fact that plaintiff sought to anonymously sue the government "slightly weigh[ed] against allowing [p]laintiff to proceed under pseudonym" but granting the motion). All parties to the litigation are named, and relevant information about the Doe 1 Declarant's research and grant termination will be supplied in the declaration. This motion does not involve a party, and the information is being submitted in support of Plaintiffs' Motion for Expedited Discovery. This factor therefore cuts in favor of the Plaintiffs.

### E. There is No Harm to Defendants if Declarant is Allowed to Proceed Pseudonymously

The final factor weighs in favor of anonymity because allowing the Doe 1 Declarant to proceed anonymously presents no risk of unfairness to the opposing party. Defendants know that the declarant is a researcher whose Department of Education grant was terminated. And because the declarant is not a party, permitting them to proceed pseudonymously in no way affects Defendants' access to "the necessary information to defend against [Plaintiff's] claims." *M.A. v. Mayorkas*, CV 23-1843 (JEB), 2023 WL 5321924, at *3 (D.D.C. July 6, 2023). As in *Does 1-2*, even if Defendants do not know Doe 1 Declarant's precise identify, they are aware of the larger group into which Doe 1 Declarant falls—those whose Department of Education cuts were abruptly cancelled on February 10. *Does 1-2*, 2025 WL 384577, *3.

8

**CONCLUSION**

Under the entirety of the circumstances—particularly given the significant power of Mr. Musk, DOGE, and the federal government and efforts by both Mr. Musk and the federal government to retaliate against real and perceived critics—proceeding under pseudonym is appropriate. The majority of factors used in analyzing whether parties may proceed under pseudonym weigh in favor of allowing Plaintiffs' declarant to be identified by pseudonym. Many recent cases involve declarations from non-party witnesses under pseudonym in cases against federal government defendants, including ones who have exhibited less propensity for retaliation than Mr. Musk. Moreover, the countervailing interests in public disclosure of the declarant's actual name are minimal or nonexistent. For the foregoing reasons, Plaintiffs' declarant should be permitted to proceed by pseudonym in their declaration in support of Plaintiffs' Reply in Support of Plaintiffs' Expedited Motion for Expedited Discovery.

Date:   March 21, 2025                                  Respectfully submitted,

                                                        /s/ Bruce V. Spiva

Gloria D. Smith**                                       Bruce V. Spiva (DC Bar No. 443754)
Sanjay Narayan**                                        Kathryn Huddleston**
SIERRA CLUB ENVIRONMENTAL LAW                           Daniel S. Lenz***
PROGRAM                                                 Robert Brent Ferguson (DC Bar No. 1782289)*
2101 Webster Street, Suite 1300                         Katherine Hamilton (DC Bar No. 90006168)*
Oakland, CA 94612                                       Heather Szilagyi (DC Bar No. 90006787)
(415) 977-5532                                          Rachel Appel (DC Bar No. 90017750)
gloria.smith@sierraclub.org                             CAMPAIGN LEGAL CENTER
sanjay.narayan@sierraclub.org                           1101 14th St. NW, Suite 400
                                                        Washington, D.C. 20005
*Counsel for Plaintiff Sierra Club*                     (202) 736-2200
                                                        bspiva@campaignlegalcenter.org
                                                        khuddleston@campaignlegalcenter.org
                                                        dlenz@campaignlegalcenter.org
                                                        bferguson@campaignlegalcenter.org
                                                        khamilton@campaignlegalcenter.org
                                                        hszilagyi@campaignlegalcenter.org

rappel@campaignlegalcenter.org

*Counsel for Plaintiffs Japanese American Citizens League, OCA-Asian Pacific American Advocates, Sierra Club, and Union of Concerned Scientists*

*\* D.D.C. application pending*
*\*\*Application for pro hac vice forthcoming*
*\*\*\*Admitted pro hac vice*