IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW MEXICO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ELON MUSK, in his official capacity, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-00429 |
| JAPANESE AMERICAN CITIZENS LEAGUE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ELON MUSK, in his official capacity, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-00643 |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this notice of supplemental authority to apprise the Court of a recent decision that is relevant to Defendants' motion to dismiss the *New Mexico* complaint. *See* ECF No. 58.

As Defendants explained in their reply brief, a federal district court in Maryland granted—erroneously in the Government's view—a preliminary injunction on an Appointments Clause claim against Defendants Mr. Musk and the U.S. DOGE Service ("USDS") for actions related to the U.S.

Agency for International Development ("USAID").[1]  *See Does 1-26 v. Musk*, No. 25-cv-462, 2025 WL 840574 (D. Md. Mar. 18, 2025); ECF No. 67 at 12–13, 19 nn. 5, 8, 11.  The States' Complaint here alleges similar conduct at USAID and, more broadly, rests on a similar understanding of the Appointments Clause.  *See New Mexico* Compl. ¶¶ 92–106, ECF No. 2.  On March 20, 2025, a Fourth Circuit panel unanimously granted the Government's emergency motion to stay the District of Maryland preliminary injunction pending appeal.[2]  *See* Order, *Does 1-26 v. Musk*, No. 25-1273 (4th Cir. Mar. 28, 2025), Doc. No. 18 (attached as Exhibit A).  The Fourth Circuit concluded "that the district court erred in finding plaintiffs were likely to succeed on the merits of . . . their Appointments Clause claim."  *Id.* at 6.  The court explained, as Defendants have argued in their motion to dismiss, that to be an "Officer" subject to the Appointments Clause, a person "must (1) be 'exercising significant authority pursuant to the laws of the United States' and (2) be 'occupying a continuing position established by law.'"  *Id.* at 8 (quoting *Lucia v. SEC*, 585 U.S. 237, 245 (2018)); *see* ECF No. 58 at 17–22, 29–31.  The district court erred in concluding the *Doe* plaintiffs were likely to succeed on this claim because "it appears that Musk's role satisfies neither criterion."  Ex. A at 8.  The States' allegations, which are of similar kind to those in *Doe*, similarly fail to establish an Appointments Clause violation.  The States' Complaint should be dismissed.

Dated:  March 31, 2025                                               Respectfully submitted,

                                                        YAAKOV M. ROTH
                                                        Acting Assistant Attorney General

                                                        DIANE KELLEHER
                                                        Director, Federal Programs Branch

---

[1]  The *Doe* complaint also named the "Department of Government Efficiency," but it is unclear what legal entity is meant by that reference.

[2]  Judge Gregory concurred only in the result.

        CHRISTOPHER R. HALL
        Assistant Branch Director,
           Federal Programs Branch

        JOSHUA E. GARDNER
           Special Counsel

        <u>/s/Jacob S. Siler</u>
        JACOB S. SILER
           (DC Bar No. 1003383)
        CHRISTOPHER M. LYNCH
           (D.C. Bar No. 1049152)
        JAMES J. WEN
           (NY Bar No. 5422126)
        Trial Attorneys
        U.S. Department of Justice
        Civil Division, Federal Programs Branch
        1100 L Street, NW
        Washington D.C. 20005
        (202) 353-4556
        jacob.s.siler@usdoj.gov

        Attorneys for Defendants