IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW MEXICO, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELON MUSK, *in his official capacity*, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00429 (Lead) |
| JAPANESE AMERICAN CITIZENS LEAGUE, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELON MUSK, *in his official capacity*, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00643 |

**SUPPLEMENTAL NOTICE REGARDING *JAPANESE AMERICAN CITIZENS LEAGUE* PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**

Plaintiffs Japanese American Citizens League, OCA – Asian Pacific American Advocates, Sierra Club, and Union of Concerned Scientists respectfully notify the Court of additional information that has come to light since Plaintiffs' initial Motion for Expedited Discovery, *Japanese American Citizens League v. Musk*, No. 1:25-cv-00643, ECF No. 11.

First, on April 17, 2025, Defendant Secretary of the Interior Doug Burgum issued an Order assigning "[t]he Assistant Secretary – Policy, Management and Budget (AS-PMB)" "to lead and coordinate the consolidation, unification and optimization efforts within the Department and its Bureaus and Offices." Secretary of the Interior, Order No. 3429 (Exh. A), § 4. According to the Order, these efforts are "part of" the Department of Interior's "commitment" "to supporting President Trump's Executive Order (EO) No. 14210, titled 'Implementing the President's

1

"Department of Government Efficiency" Workforce Optimization Initiative,' issued on February 11, 2025." *Id.* § 3. The Order "direct[s]" the AS-PMB "to take all necessary actions . . . to effectuate the appropriate consolidation, unification and optimization of administrative functions within the Department and its Bureaus and Offices, including . . . [m]aking appropriate funding decisions for the resulting consolidated administrative functions . . . [i]ssuing relevant policy, directives, and guidance . . . and [e]nsuring the appropriate transfer of funds, programs, records, and property, as well as taking required personnel actions, to carry out the consolidation." *Id.* § 5(a). The Order further "delegates" to the AS-PMB "all authority necessary to carry out the plan" and "any authority necessary to ensure the uninterrupted delivery of administrative functions during any period of transition required to complete the process." *Id.* § 6.

According to public reporting, the AS-PMB is Tyler Hassen, an official with Defendant Elon Musk's so-called "Department of Government Efficiency" (DOGE).[1] Mr. Hassen was one of the DOGE officials who joined Mr. Musk for an interview with Fox News in late March.[2] Mr. Hassen's immensely outsized role in the Department of the Interior and the highly unusual Order issued by Secretary Burgum further illustrate the need for discovery to probe the nature of the

---

[1] *E.g.*, Anna Kramer, *Interior Secretary Doug Burgum Is Giving a DOGE-Tied Aide the Reins*, NOTUS (Apr. 18, 2025), https://www.notus.org/climate-environment/interior-secretary-doug-burgum-doge-aide-tyler-hassen-rifs-cuts. DOGE here encompasses Defendant U.S. DOGE Service and all agency employees affiliated with so-called "DOGE Teams." *See* Exec. Order No. 14158, § 3(c), 90 Fed. Reg. 8441 (Jan. 20, 2025).

[2] Madeline Coggins, *Elon Musk, DOGE Team Offer Unprecedented Peek Behind the Curtain of Trump's Cost-Cutting Department*, Fox News (Mar. 27, 2025), https://www.foxnews.com/media/elon-musk-doge-team-offer-unprecedented-peak-behind-curtain-trumps-cost-cutting-department.

relationship between DOGE officials and Defendant departments and agencies and the scope of DOGE's authority over Defendant departments and agencies.[3]

Second, discovery in *National Treasury Employees Union v. Vought*, No. 1:25-cv-00381 (D.D.C.), likewise demonstrates a broad role for DOGE officials in the dismantling of the Consumer Financial Protection Bureau (CFPB), including in directing CFPB officials and actions. For example, DOGE official Gavin Kliger[4] told the Office of Personnel Management that certain CFPB requests were "the highest priority review for today" and requested a call for discussion. *Nat'l Treasury Emps. Union*, No. 1:25-cv-00381 (D.D.C. Apr. 28, 2025), ECF No. 137-1 at 33. An OPM official memorialized the conversation, approving a "90 day competitive area waiver." *Id.*

Jeremy Lewin, another DOGE official,[5] sent to the CFPB's Chief Operating Officer, Adam Martinez, "an updated RIF letter template for tomorrow's planned personnel actions" and stated that he and "Director Vought's team"—apparently *not* CFPB career employees—would "conduct an individualized assessment" of "the full roster" to purportedly determine compliance with a court order. *Id.* at 76. In that email, sent from a USAID email address, Mr. Lewin requested "the status of the probationary employees" at the CFPB. *Id.* On the night of February 14, the CFPB Chief Operating Officer sent an email to Mr. Lewin and two other DOGE officials, Christopher Young

---

[3] Indeed, Plaintiffs' proposed requests include "all planning, implementation, and operational documents concerning Agency Heads' 'coordinat[ion] and consult[ation] with DOGE to shrink the size of the federal workforce and limit hiring to essential positions.'" *Japanese American Citizens League v. Musk*, No. 1:25-cv-00643, ECF No. 11-1 at 10. This would include any such documents related to the Order which, on its face, directs the "consolidation" of offices within the Department of the Interior.

[4] *See* Order, *Nat'l Treasury Emps. Union v. Vought*, No. 1:25-cv-00381, ECF No. 113 at 5 (D.D.C. Apr. 18, 2025) (describing declaration identifying Gavin Kliger as a DOGE official).

[5] *See* Mem. Op., *Nat'l Treasury Emps. Union v. Vought*, No. 1:25-cv-00381, ECF No. 87 at 11 (D.D.C. Mar. 28, 2025) (Jeremy Lewin identified as DOGE official).

and Jordan Wick,[6] with a "[l]ist of employees to receive notices," requesting that the DOGE officials "take a quick look and let me if [sic] any section is included that should not be." *Id.* at 77. Weeks later, on April 13, the CFPB Chief Operating Officer sent an email regarding a retention registry to a group of individuals and stated to Mr. Kliger directly: "Gavin . . . If you have any recommendations of lessons learned or if there is any strategy preference please let us know." *Id.* at 86.

This information made available from discovery in *National Treasury Employees Union* further illustrates the importance and salience of discovery, including as to communications involving DOGE officials, in this litigation. Such information is relevant to the nature and scope of DOGE's actions at Defendant departments and agencies and the degree of control that DOGE exercises over decisions at Defendant departments and agencies regarding funding, personnel, and the departments' and agencies' ongoing ability to perform their work.

Third, public reporting on DOGE's actions at the National Science Foundation (NSF) and National Institutes of Health (NIH) further illuminates the need for discovery into DOGE's actions at these and other Defendant agencies. Reportedly, as of April 22, at least three DOGE officials were listed as working at the Office of the Director at the NSF. Further, according to the same reporting, DOGE has terminated NSF grants, and the NSF Director instructed employees to comply with requests from DOGE.[7] Additional reporting states that DOGE directed the NSF to freeze all new research grants and that the agency has done so.[8] Reporting on the NIH indicates

---

[6] *See* Mem. Op., *Nat'l Treasury Emps. Union v. Vought*, No. 1:25-cv-00381, ECF No. 87 at 11 (D.D.C. Mar. 28, 2025) (Christopher Young and Jordan Wick identified as DOGE officials).
[7] Rebecca Heilweil, *How DOGE Got Into the National Science Foundation*, FedScoop (Apr. 22, 2025), https://fedscoop.com/national-science-foundation-nsf-doge-grants-data-systems/.
[8] *See* Katrina Miller & Carl Zimmer, *National Science Foundation Terminates Hundreds of Active Research Awards*, N.Y. Times (Apr. 25, 2025),

4

that DOGE has placed spending limits on NIH credit cards, has control over hiring and firing at the agency, and directs how grants are reviewed in ways that make some grant approval impossible.[9] These developments in public reporting further demonstrate the need for discovery to substantiate DOGE's actions at Defendant departments and agencies—information that is within Defendants', not Plaintiffs', control.

Dated: April 29, 2025

Respectfully submitted,

/s/ Bruce V. Spiva
Bruce V. Spiva

| | |
|---|---|
| Gloria D. Smith** | Bruce V. Spiva (DC Bar No. 443754) |
| Sanjay Narayan | Kathryn Huddleston* |
| SIERRA CLUB ENVIRONMENTAL LAW PROGRAM | Daniel S. Lenz* |
| 2101 Webster Street, Suite 1300 | Robert Brent Ferguson (DC Bar No. 1782289) |
| Oakland, CA 94612 | Katherine Hamilton (DC Bar No. 90006168) |
| (415) 977-5532 | Heather Szilagyi (DC Bar No. 90006787) |
| gloria.smith@sierraclub.org | Rachel Appel (DC Bar No. 90017750) |
| sanjay.narayan@sierraclub.org | CAMPAIGN LEGAL CENTER |
| | 1101 14th St. NW, Suite 400 |
| *Counsel for Plaintiff Sierra Club* | Washington, D.C. 20005 |
| | (202) 736-2200 |
| | bspiva@campaignlegalcenter.org |
| | khuddleston@campaignlegalcenter.org |
| | dlenz@campaignlegalcenter.org |
| | bferguson@campaignlegalcenter.org |
| | khamilton@campaignlegalcenter.org |
| | hszilagyi@campaignlegalcenter.org |
| | rappel@campaignlegalcenter.org |
| | |
| | *Counsel for Plaintiffs Japanese American Citizens League, OCA-Asian Pacific* |

---

https://www.nytimes.com/2025/04/22/science/trump-national-science-foundation-grants.html (reporting originally from Science magazine).
[9] Gina Kolata, *"Chaos and Confusion" at the Crown Jewel of American Science*, N.Y. Times (Mar. 24, 2025), https://www.nytimes.com/2025/03/24/health/nih-doge-trump.html.

*American Advocates, Sierra Club, and Union of Concerned Scientists*

*\*Admitted pro hac vice*
*\*\* pro hac vice forthcoming*