UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW MEXICO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ELON MUSK, in his official capacity, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-00429 |
| JAPANESE AMERICAN CITIZENS LEAGUE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ELON MUSK, in his official capacity, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-00643 |

**MOTION FOR RELIEF FROM LOCAL CIVIL RULE 7(n)**

Defendants hereby respectfully request to waive the requirement under Local Civil Rule 7(n), to the extent it applies here, to file a certified list of the contents of an administrative record simultaneously with the filing of Defendants' Rule 12(b) motion to dismiss the Japanese American Citizens League ("JACL") Complaint. The grounds for this motion are as follows:

1. Local Civil Rule 7(n) states:

    In cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first.

1

2. On its face, Local Rule 7(n) appears to impose this requirement on any dispositive motion, even one to dismiss under Federal Rule of Civil Procedure 12(b) that does not rely on an administrative record. Defendants intend to file a motion to dismiss the complaint in this case.

3. However, Local Rule 7(n) also indicates that it is meant to aid in the decision of a dispositive motion that relies on an administrative record. *See* LCvR 7(n)(1) (requiring "an appendix containing copies of those portions of the administrative record that are cited or otherwise *relied upon* in any memorandum in support of or in opposition to any dispositive motion" (emphasis added)). The comment to the Local Rule further notes that "[t]his rule is intended to assist the Court in cases involving a voluminous record." Cmt. to LCvR 7(n). Defendants' motion to dismiss will not cite to or otherwise rely on any administrative record, and thus the justification behind Local Rule 7(n) does not apply at this juncture.

4. In any event, the Court should waive any applicable requirement in Local Rule 7(n) under the circumstances here. The D.C. Circuit has long recognized that a court can resolve claims at the motion to dismiss stage without the administrative record where the record is not germane to the issues presented in the motion. *See Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266-67 (D.C. Cir. 2001) (rejecting argument that the district court erred in refusing to compel production of the administrative record before deciding motion to dismiss). In turn, "the general practice in this Court" is to waive Local Rule 7(n) when "the administrative record is not necessary for [the court's] decision." *Arab v. Blinken*, 600 F. Supp. 3d 59, 65 n.2 (D.D.C. 2022); *see also, e.g.*, *PETA v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014) (waiving Local Rule 7(n) in case challenging agency action when dispositive motion at issue raised only threshold jurisdiction and failure-to-state-a-claim arguments); *Connecticut v. U.S. Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (similar, "because the Court need not consider the administrative record in evaluating the motions before it"); *Patterson v. Haaland*, 2022 WL 4534685, at *1 & n.2 (D.D.C. Sept. 28, 2022)

(similar, "because consideration of the motion to dismiss does not require review of the administrative record"); *E. Atl. Servs. & Trading LLC v. Mayorkas*, Civil Case No. 23-1946 (RJL), 2024 WL 4332554, at *6 (D.D.C. Sept. 27, 2024) (waiving Local Rule 7(n) "because I do not rely on the administrative record to decide the motions at issue"). Indeed, as will be discussed in Defendants' forthcoming motion to dismiss, JACL's sprawling Complaint fails to identify any discrete agency action, making the preparation of an administrative record particularly challenging.

5. Because Defendants' motion to dismiss the JACL Complaint will not cite to or rely on any administrative record, and any such record is unnecessary to resolving the threshold issues that will be presented in the motion (jurisdiction under Rule 12(b)(1) and legal sufficiency of the asserted claims under Rule 12(b)(6)), Defendants respectfully request that the Court waive the requirement in Local Civil Rule 7(n) to "file a certified list of the contents of the administrative record . . . simultaneously with the filing of" their Rule 12(b) motion.

6. Undersigned counsel conferred with JACL's counsel via email on April 11, 2025. JACL's Plaintiff's counsel informed the undersigned that they oppose the relief requested.

A proposed order is enclosed for the Court's convenience.

Dated: May 2, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General, Civil Division

DIANE KELLEHER
Director, Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director, Federal Programs Branch

*/s/ Joshua E. Gardner*
JOSHUA E. GARDNER (FL Bar No. 302820)
Special Counsel

CHRISTOPHER M. LYNCH

3

(D.C. Bar No. 1049152)
JACOB S. SILER (DC Bar No. 1003383)
JAMES J. WEN (NY Bar No. 5422126)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
(202) 353-4537
joshua.e.gardner@usdoj.gov

*Counsel for Defendants*