**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF NEW MEXICO, *et al*., | |
| *Plaintiffs*, | |
| v. | Case No. 1:25-cv-00429-TSC (Lead) |
| ELON MUSK, *in his official capacity*, *et al*., | |
| *Defendants*. | |
| JAPANESE AMERICAN CITIZENS LEAGUE, *et al*., | |
| *Plaintiffs*, | Case No. 1:25-cv-00643-TSC |
| v. | |
| ELON MUSK, *in his official capacity*, *et al*., | |
| *Defendants*. | |

<u>**PLAINTIFFS' RESPONSE TO**</u>
<u>**DEFENDANTS' MOTION FOR RELIEF FROM LOCAL RULE 7(n)**</u>

Plaintiffs Japanese American Citizens League, OCA – Asian Pacific American Advocates, Sierra Club, and Union of Concerned Scientists (collectively, "JACL Plaintiffs") respond as follows to Defendants' Motion for Relief from Local Rule 7(n), ECF No. 87, seeking to avoid this Court's standard requirement that federal agencies "file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first." LCvR 7(n).

As Defendants acknowledge, Local Rule 7(n) imposes this requirement on "any dispositive motion, even one to dismiss under Federal Rule of Civil Procedure 12(b) that does not rely on an administrative record," ECF No. 87 at 2, and is "intended to assist the Court," *id.* (citing Cmt. to

LCvR 7(n)). "[T]his Court cannot review a decision under the APA without having the entire administrative record before it." *Int'l Longshoremen's Ass'n, AFL-CIO v. Nat'l Mediation Bd.*, No. 04-cv-824-RBW, 2005 WL 850358, at *4 (D.D.C. Mar. 30, 2005). Courts in this district regularly rely on the administrative record in adjudicating motions to dismiss, including those under Rule 12(b)(6). *See Free Speech for People v. FEC¸* No. 22-666 (CKK), 2025 WL 3617481 (D.D.C. Aug. 1, 2024); *Smalls v. Stackley*, No. 17-606 (JDB), 2017 WL 11671618, at *1 n.1 (D.D.C. Sept. 5, 2017). Nonetheless, Defendants ask this Court to waive the requirement based on their own representations that their forthcoming motion to dismiss "will not cite to or rely on any administrative record, and any such record is unnecessary to resolving the threshold issues that will be presented in the motion." ECF No. 87 at 2. Defendants' request is misplaced for at least three reasons.  *First*, while this Court has, in the past, permitted agencies to avoid the requirements of Rule 7(n) where "the administrative record is not necessary for [the court's] decision," *see Arab v. Blinken*, 600 F. Supp. 3d 59, 65 n.2 (D.D.C. 2022), this practice is more appropriate where the agency has *not* acted, as opposed to  where—as here—agencies  are alleged to have taken various actions for unlawful reasons. For example, in *Arab*, the issue was whether defendants had unlawfully delayed adjudicating a visa application. The same is true for various other cases Defendants cite in their motion. *See Connecticut v. U.S. Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (failure-to-act claim under 5 U.S.C. § 706); *People for the Ethical Tr. of Animals v. U.S. Fish and Wildlife Serv.*, 59 F. Supp. 3d 91 (D.D.C. 2014) (failure of agency to provide sufficient notice). Courts in this district have continued this practice more recently. *See generally Sharifymoghaddam v. Blinken*, No. 1:23-CV-1472-RCL, 2023 WL 8047007, at *2 (D.D.C. Nov. 17, 2023); *Diakanua v. Rubio*, No. 24-1027 (TJK), 2025 WL 958271, at *11 (D.D.C. Mar. 31, 2025) (denying motion to compel in an unreasonable delay case); *Htet v. Trump*, No. 24-

1446 (RC), 2025 WL 522033 (D.D.C. Feb. 18, 2025). Indeed, the Government has, in the past, argued that the administrative record is more pertinent to cases involving agency action, as opposed to failures to act. *See Janay v. Blinken*, 743 F. Supp. 3d 96 (D.D.C. 2024). The APA claim in this case, however, revolves around various decisions that the Defendant agencies *have* made at the direction of DOGE and/or Elon Musk, not those they have delayed. *See* ECF No. 1, ¶ 341.

The other cases Defendants cite, which involved the application of specific procedural rules that barred claims, are also inapposite. *Patterson v. Haaland* involved the seizure of a shipment of twenty live tarantula spiders. 1:21-cv-02391 (RC), 2022 WL 4534685 (D.D.C. Sept. 28, 2022). There, the court determined in a short opinion that the United States was immune to suit because Patterson did not dispute he had received proper notice from the Fish and Wildlife Service and did not follow the statutorily required procedure, and the court did not have jurisdiction to issue the advisory opinion Patterson requested. *Id.* at *5. Similarly, in *East Atlantic Services & Trading v. Mayorkas*, the plaintiffs had requested an order reopening certain immigration proceedings but, while the case was pending, the agency did just that, rendering the case moot, and the Court was unable to provide any further relief. No. 23-1946 (RJL), 2024 WL 4332554, at **4, 6 (D.D.C. Sept. 27, 2024). Given the basis for these decisions, which had nothing to do with the substance or reasons behind the agency action, it made sense for the court to dispense with the general requirements of Local Rule 7(n). The same is not true here.

*Second,* Defendants' request for relief from this Court's standard procedure is all the more extraordinary given that a subset of those same defendants—*in this consolidated litigation*—criticized the State Plaintiffs for not pursuing relief under the Administrative Procedures Act. *See* Mem. of Law in Supp. of Def. Mot. to Dism., *New Mexico v. Musk*, No. 1:25-cv-00429-TSC (Mar. 7, 2025), ECF No. 58 ("[T]he States could potentially direct their lawsuit at the agencies pursuant

to the Administrative Procedure Act ('APA') to challenge the final agency actions implementing the President's agenda. After all, the States' Complaint is replete with allegations regarding the actions of various agencies spanning across the government."). The JACL Plaintiffs here have included just such a challenge among their other claims, and this Court should consider it in the normal course. Moreover, as addressed at length in the JACL Plaintiffs' brief in support of expedited discovery, reply, and recently filed notice, the need for information here is all the more acute where Defendants have repeatedly sought to obfuscate the nature and extent of their conduct. *See* ECF Nos. 11 at 3, 13-157; 70 at 1, 9-11; 86 at 2-5.

*Third and finally*, Defendants' request puts the cart before the horse and requests this Court grant relief without sufficient basis. This Court generally decides whether to waive Rule 7(n) at the same time it addresses the dispositive motion. *See Arab*, 600 F. Supp. 3d at 65 n.2; *see also Connecticut*, 344 F. Supp. 3d at 294 (simultaneously assessing motion for relief from LCvR 7(n) and motion to dismiss); *People for the Ethical Tr. of Animals*, 59 F. Supp. 3d 91 (same); *Mdewakanton Sioux Indians of Minn. v. Zinke*, 264 F. Supp. 3d 116, 123 n.2 (D.D.C. 2017); *Patterson*, 2022 WL 4534685, *1. This was also the case in *American Bankers Association v. National Credit Union Administration*, where the Court of Appeals had the benefit of reviewing not just the arguments, but also the opinion of the district court, before determining whether the record was needed. 271 F.3d 262, 267 (D.C. Cir. 2001). Conversely, in *Jordan v. Federal Bureau of Prisons*, the Court denied this precise type of prospective relief when it found the record may be relevant to standing arguments under Rule 12(b)(1). No. 20-01478 (CKK), 2021 WL 4148549, at *1 (D.D.C. Sept. 13, 2021), *vacated and remanded on other grounds*, No. 21-5217, 2024 WL 2932371 (D.C. Cir. June 11, 2024).

Here, however, the Defendants request that this Court prospectively waive the Rule 7(n) requirement before it even files a motion to dismiss, based on general summaries of what they expect their arguments will be. This includes jurisdictional arguments under Rule 12(b)(1). ECF 87 at 3. This Court has specifically rejected the argument that Rule 7(n) is only triggered when the Government relies on the administrative record in its arguments, *Sunoco Pipeline, L.P. v. U.S. Dep't of Transp.*, No. 21-CV-1760 (TSC), 2023 WL 11195824, at *5 (D.D.C. Sept. 29, 2023), and should do the same in this case.

## CONCLUSION

For the reasons stated herein, this Court should deny Defendants' Motion for Relief From Local Rule 7(n).

Dated: May 5, 2025

Respectfully submitted,

*/s/ Bruce V. Spiva*
Bruce V. Spiva

Gloria D. Smith**
Sanjay Narayan
SIERRA CLUB ENVIRONMENTAL LAW
PROGRAM
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5532
gloria.smith@sierraclub.org
sanjay.narayan@sierraclub.org

*Counsel for Plaintiff Sierra Club*

Bruce V. Spiva (DC Bar No. 443754)
Daniel S. Lenz*
Robert Brent Ferguson (DC Bar No.
1782289)
Katherine Hamilton (DC Bar No. 90006168)
Heather Szilagyi (DC Bar No. 90006787)
Rachel Appel (DC Bar No. 90017750)
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
bspiva@campaignlegalcenter.org
dlenz@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
khamilton@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
rappel@campaignlegalcenter.org

*Counsel for Plaintiffs Japanese American Citizens League, OCA-Asian Pacific American Advocates, Sierra Club, and Union of Concerned Scientists*

*\*Admitted pro hac vice*
*\*\* pro hac vice forthcoming*