UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW MEXICO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ELON MUSK, in his official capacity, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-00429 |
| JAPANESE AMERICAN CITIZENS LEAGUE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ELON MUSK, in his official capacity, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-00643 |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR RELIEF FROM LOCAL CIVIL RULE 7(n)**

Defendants explained in their motion that they intended to file a Rule 12(b) motion to dismiss the Japanese American Citizens League ("JACL") Complaint purely on the threshold legal issues of this Court's jurisdiction under Rule 12(b)(1) and the sufficiency of the asserted claims under Rule 12(b)(6). ECF No. 87 at 3. That motion is now on file. *See* ECF No. 90. The Court can confirm for itself that no administrative record is required to decide the substance of Defendants' dispositive motion. For that reason alone, the Court should grant the Defendants' motion for relief and absolve the agencies from filing a certified list of the contents of any administrative record, if such a record is even possible, at this time.

Nothing in the JACL Plaintiffs' response suggests that an administrative record is necessary to resolve the Defendants' motion to dismiss. Initially, the purpose of Local Rule 7(n) is to aid the court in its resolution of the case. When a district court reviews agency action under the Administrative Procedure Act ("APA"), it acts as "an appellate tribunal" and "there is no inherent barrier to reaching the merits at the 12(b)(6) stage." *Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1225–26 (D.C. Cir. 1993). This Court's local rules thus recognize that the Court's task with respect to the merits of an APA challenge is not "to determine whether there is a genuine issue of material fact, but rather to test the agency action against the administrative record." Cmt. to LCvR7(h). When the government files a motion to dismiss on the merits of the APA claim—for example by arguing that a final agency action was reasonable and that the agency considered the relevant factors—Local Rule 7(n) aids the Court's decisional process by requiring the agency to file a certified list of the contents of the administrative record contemporaneously with that motion. When the government moves to dismiss on jurisdictional grounds or asserts other threshold legal issues, however, there is no good reason to put the government to the burden of preparing an administrative record that will not aid the parties or the Court in its resolution of the motion. *See e.g.*, *Patterson v. Haaland*, 1:21-cv-2391, 2022 WL 4534685, at *1 & n.2 (D.D.C. Sept. 28, 2022); *PETA v. U.S. Fish & Wildlife Servs.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014) (granting motion to waive Local Rule 7(n) in connection with motion to dismiss based on standing, mootness, and insufficiency of allegations).

The JACL Plaintiffs *agree* with the Defendants on these points. They note that it makes "sense for the court to dispense with the general requirements of Local Rule 7(n)" when the government's motion to dismiss "involve[s] the application of specific procedural rules" like "jurisdiction" that have "nothing to do with the substance or reasons behind the agency action." ECF No. 89 at 3. That is precisely the type of motion that Defendants have filed. *See* ECF No. 90; ECF No. 87 at 2–3

(describing Defendants' planned motion). There is no need for an administrative record for the JACL Plaintiffs to oppose—and this Court to resolve—Defendants' motion to dismiss.

Requiring Defendants to prepare an administrative record so that a list of its contents can be filed simultaneously with a motion to dismiss is particularly inappropriate in this case, where the JACL Plaintiffs have not challenged discrete final agency actions. In the typical APA case, including the cases on which the JACL Plaintiffs rely, a plaintiff challenges a discrete and identifiable rule or order. *See, e.g.*, ECF No. 89 at 2 (citing *Free Speech for People v. FEC*, No. 22-666, 2024 WL 3617481 (D.D.C. Aug. 1, 2024) (considering challenge to agency dismissal of an administrative complaint); *Jordan v. Fed. Bureau of Prisons*, No. 20-cv-1478 (D.D.C. Sept. 13, 2021) (considering challenge to Bureau of Prisons program statement); *Smalls v. Stakley*, No. 17-606, 2017 WL 11671618, at *1 n.1 (D.D.C. Sept. 5, 2017) (considering challenge to agency denial of application); *Int'l Longshoremen's Ass'n, AFL-CIO v. Nat'l Mediation Bd.*, NO. 04-cv-824, 2005 WL 850358, at *4 (D.D.C. Mar. 30, 2005) (considering challenge to specific jurisdictional decision by agency)).[1] This is not a typical APA case. *See* Pls.' Expedited Mot. for Expedited Disc. at 20, ECF No. 11, *Japanese Am. Citizens League v. Musk*, No. 1:25-cv-643 (D.D.C. Mar. 10, 2025). As the JACL Plaintiffs have themselves explained, they "are not challenging decisions or policies that were made through a formal process or otherwise produced a record like the Court may see in a typical APA case." *Id.* at 20 (cleaned up). Defendants have moved to dismiss the APA claim for precisely this reason. *See* ECF No. 90 at 32-36 (arguing that the APA does not permit the type of broad programmatic attack the JACL Plaintiffs press here). The JACL Plaintiffs do not explain how it is possible both for their claims to challenge decisions that would not produce a record

---

[1] The JACL Plaintiffs cite *Jordan v. Federal Bureau of Prisons* as a decision that "denied [the] precise type of prospective relief" that Defendants seek here. ECF No. 89 at 4. They omit, however, that the court denied relief from Local Rule 7(n) because the defendants in that case had asked "the Court to examine facts relevant to Plaintiff's administrative proceedings and the resulting penalties." Order at 3, ECF No. 14, *Jordan v. Fed. Bureau of Prisons*, C.A. No. 20-01478 (CKK) (Dec. 23, 2020). Defendants here make no such request with respect to their motion to dismiss.

and for Defendants to be able to compile that record. Defendants cannot prepare an administrative record until it is clear which discrete actions the JACL Plaintiffs challenge, even if some portion of their APA claim ultimately survives.

For this reason, there is no tension between Defendants' request that the Court waive compliance with Local Rule 7(n) and the argument that the States' *ultra vires* claim is unavailable because the APA provides an adequate alternative remedy. *Contra* ECF No. 89 at 3–4. Both the States and the JACL Plaintiffs are free to assert a challenge under the APA, to the extent the Court has jurisdiction over such a claim. But they would still have to challenge a final agency action to obtain review. *See* 5 U.S.C. § 704 (limiting APA review to "final agency action for which there is no other adequate remedy in a court"). The JACL Plaintiffs' sprawling Complaint identifies no such discrete final agency actions. Their APA claim should be dismissed. At a minimum, the Complaint should be narrowed before Defendants are required to compile any administrative record.

Nor is Defendants' request to waive the Local Rule premature, as the JACL Plaintiffs suggest. *See* ECF No. 89 at 4–5 (arguing that seeking relief before the deadline "puts the cart before the horse"). As it stands, Local Rule 7(n) purports to require Defendants to file a certified list of the contents of the administrative record "simultaneously with the filing of a dispositive motion" "unless otherwise ordered by the Court." LCvR 7(n). The Local Rules, therefore, expressly contemplate that the government might seek an order setting a different timeline to compile a record in appropriate cases. To be clear, Defendants have no objection to the Court deferring its decision on whether to waive Rule 7(n) until it resolves the motion to dismiss. *See* ECF No. 89 at 4 (asserting that this "Court generally decides whether to waive Rule 7(n) at the same time it addresses the dispositive motion"). That is essentially the same relief Defendants requested in their original motion. *See* ECF No. 87-1. Should the JACL Plaintiffs' APA claims survive with respect to some definable final agency action,

Defendants suggest it would be more efficient for the parties to confer on a schedule for filing the certified list of the contents of any required administrative record at that time.

For the foregoing reasons, this Court should grant Defendants Motion for Relief From Local Rule 7(n).

Dated: May 7, 2025                                    Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General, Civil Division

DIANE KELLEHER
Director, Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director, Federal Programs Branch

*/s/ Joshua E. Gardner*
JOSHUA E. GARDNER (FL Bar No. 302820)
Special Counsel

GARRY D. HARTLIEB (IL Bar. No. 6322571)
CHRISTOPHER M. LYNCH
(D.C. Bar No. 1049152)
JACOB S. SILER (DC Bar No. 1003383)
JAMES J. WEN (NY Bar No. 5422126)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
(202) 353-4537
joshua.e.gardner@usdoj.gov

*Counsel for Defendants*