UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW MEXICO, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>ELON MUSK, *et al.*,<br><br>  Defendants. | Civil Action No. 25-429-TSC (Lead) |
| JAPANESE AMERICAN CITIZENS LEAGUE, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>ELON MUSK, *et al.*,<br><br>  Defendants. | Civil Action No. 25-643-TSC |

**CONSENT MOTION OF CONSTITUTIONAL ACCOUNTABILITY CENTER FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS JACL PLAINTIFFS' COMPLAINT**

*Amicus curiae* Constitutional Accountability Center respectfully moves for leave to file the attached brief in opposition to Defendants' motion to dismiss JACL Plaintiffs' complaint. In support of this motion, *amicus* states:

1.   Constitutional Accountability Center (CAC) is a think tank and public interest law firm dedicated to fulfilling the progressive promise of the Constitution's text and history. CAC works to improve understanding of the Constitution and accordingly has an interest in this case.

2.   CAC has filed *amicus* briefs in courts across the country, including the Supreme Court, addressing the text, history, and operation of Article II's Appointments Clause. *See, e.g.*,

1

Brief of Constitutional Accountability Center as *Amicus Curiae* in Opposition to Defendants' Motion to Dismiss, *Doe 4 v. Musk*, No. 25-cv-462-TDC (D. Md. filed May 15, 2025); Brief of Constitutional Accountability Center as *Amicus Curiae* in Support of Appellants, *United States ex rel. Zafirov v. Florida Med. Assocs., LLC*, Nos. 24-13581 & 24-13583 (11th Cir. filed Jan. 15, 2025); Brief of Constitutional and Administrative Law Scholars as *Amici Curiae* in Support of Affirmance, *Lucia v. SEC*, No. 17-130 (U.S. filed Apr. 2, 2018). CAC has also brought an Appointments Clause challenge to an officer who was serving unlawfully. *See* Complaint, *Blumenthal v. Whitaker*, No. 18-cv-2664 (D.D.C. filed Nov. 19, 2018). Accordingly, CAC has developed expertise relevant to the Appointments Clause's requirement that all offices of the United States be "established by Law," and its proposed brief provides a unique historical perspective and more detail on this novel issue than the parties can provide.

3.      This Court has "broad discretion" in deciding whether to allow the filing of *amicus curiae* briefs. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). "The filing of an *amicus* brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *N. Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *In re Search of Info. Associated with [redacted]@mac.com*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014) (same). Courts have permitted third parties to participate as *amici curiae* when they "are of aid to the court and offer insights not available from the parties," *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994), and when they have "relevant expertise and a stated concern for the issues at stake in [the] case," *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). "The primary role of the *amicus* is to assist the Court in reaching

the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Exam'rs*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999); *see Nat'l Ass'n of Home Builders*, 519 F. Supp. 2d at 93 (granting leave to file because "the court may benefit from [the *amicus*]'s input"); *Potomac Elec. Power Co.*, 826 F. Supp. 2d at 237 (same); *Microsoft Corp.*, 2002 WL 319366, at *3 (same).

4. The proposed, attached *amicus curiae* brief satisfies these standards. Given the novelty of President Trump's double-pronged assault on the Appointments Clause, analysis of the Clause's requirement that offices be "established by Law," as a matter of first principles, will aid this Court in deciding Defendants' Motion to Dismiss. The proposed brief provides that analysis, drawing on constitutional text, structure, and history to demonstrate that Musk's failure to occupy an office "established by Law" is not a *defense* to Plaintiffs' Appointments Clause claim but a substantive *violation* of the Appointments Clause—separate and apart from the fact that Musk was not appointed in accordance with the procedures mandated by that Clause.

5. All parties in the consolidated cases consent to the filing of this brief.

For the foregoing reasons, leave to file the attached *amicus curiae* brief should be granted. A proposed order is attached to this motion.

Respectfully submitted,

Dated: May 28, 2025

/s/ Brianne J. Gorod
Elizabeth B. Wydra (DC Bar No. 483298)
Brianne J. Gorod (DC Bar No. 982075)
Miriam Becker-Cohen (DC Bar No. 1616670)
CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street NW, Suite 501
Washington, D.C. 20036
(202) 296-6889
brianne@theusconstitution.org

*Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2025, the foregoing document and all attachments were filed with the Clerk of the Court, using the CM/ECF system, causing them to be served on all parties.

Dated:  May 28, 2025

/s/ Brianne J. Gorod
Brianne J. Gorod

*Counsel for Amicus Curiae*
