IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW MEXICO, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> ELON MUSK, *in his official capacity*, et al., <br><br> *Defendants*. | Case No. 1:25-cv-00429 (TSC) (Lead) |
| JAPANESE AMERICAN CITIZENS LEAGUE, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> ELON MUSK, *in his official capacity*, et al., <br><br> *Defendants*. | Case No. 1:25-cv-00643 (TSC) |

**JAPANESE AMERICAN CITIZENS LEAGUE PLAINTIFFS' SECOND MOTION FOR LEAVE TO IDENTIFY PLAINTIFFS' DECLARANTS BY PSEUDONYM**

Plaintiffs Japanese American Citizens League (JACL), OCA – Asian Pacific American Advocates (OCA), Sierra Club, and Union of Concerned Scientists (UCS) (collectively "JACL Plaintiffs") hereby move the Court for an order allowing five nonparties who are submitting declarations in support of JACL Plaintiffs' Opposition to Defendants' Motion to Dismiss to be identified using the pseudonyms "J. Doe 2," "J. Doe 3," "J. Doe 4," "J. Doe 5," and "J. Doe 6."

1

The bases of this motion are the same as those identified in JACL Plaintiffs' prior Motion for Leave, ECF No. 72, which are incorporated herein by reference.[1]

In light of Defendants' claim that Plaintiffs' allegations are too "generic," "general," and "speculative" to support standing, *see, e.g.*, Mot. at 7, and pursuant to Rule 12(b)(1), Plaintiffs seek to file declarations from individual members of Plaintiff organizations (Doe Declarants) who are not party to the case describing the actual harm they have experienced due to Defendants' actions. *RELX, Inc. v. Baran*, 397 F. Supp. 3d 41, 47 (D.D.C. 2019) (court hearing a challenge to standing "may consider materials outside of the pleadings."). The contents of these declarations are summarized below:

- J. Doe 2 is a member of Sierra Club who regularly visits national parks and other federal lands. She has a planned trip to Acadia National Park in August. J. Doe 2 fears professional consequences and retaliation against her employer, which is involved in federal government-related work, based on her association with this lawsuit.

- J. Doe 3 is a member of JACL who regularly chaperones trips to NPS sites, including Bainbridge Island and Cadillac Hotel, and was forced to cancel this year's trip. In addition, this declarant also had to cancel an upcoming trip to Minidoka. J. Doe 3 is aware of Mr. Musk, DOGE, and other administration efforts to retaliate against those who publicly oppose them. As a person of color relying on federal benefits, J. Doe 3 fears retaliation against her if she is not permitted to proceed via pseudonym.

---

[1] Prior to filing, counsel for Plaintiffs emailed counsel for the parties in this consolidated case regarding this motion. Defendants stated that they oppose the motion because reliance on a declaration to submit facts outside the complaint in response to a motion to dismiss is improper. Defendants further stated that, if a declaration is accepted, the identity of the declarant should at a minimum be disclosed to career government counsel under an appropriate protective order. State Plaintiffs in *New Mexico v. Musk* indicated they do not oppose this motion.

- J. Doe 4 is a member of UCS and Professor of Environmental Health Sciences at a flagship state university. J. Doe 4 has had one project shut down because Defendants caused the termination of a grant, and could not continue as a subcontractor on a grant administered—and now paused—by the EPA. J. Doe 4 fears that Defendants could retaliate by barring them from receiving federal research funds in the future.

- J. Doe 5 is a member of UCS and the chief executive of a nonprofit organization focused on marine mammal conservation and welfare. J. Doe 5 was informed by contacts at NOAA that the funding they regularly receive from the agency will likely be unavailable, forcing them to devote two weeks' worth to pursue replacement funding. Their organization was also forced to purchase critical safety gear for NOAA staff—for which they have not been reimbursed—due to Mr. Musk and DOGE's freeze on agency credit cards. J. Doe 5 fears Defendants could retaliate by blocking their organization from receiving the federal funding for which they have applied.

- J. Doe 6 is a graduate student pursuing a Master of Public Health. She lost an internship, which was her sole source of income, at the Substance Abuse and Mental Health Services Administration (SAMHSA) that would have fulfilled an educational requirement. She was informed that her internship position was terminated because of a change in federal funding for the program. J. Doe 6 desires to pursue a public health career in the federal government upon her anticipated graduation next year. She reasonably fears retaliation and harassment, including but not limited to a denial of future job opportunities, for her participation in this lawsuit.

For the same reasons outlined in JACL Plaintiffs' previous Motion for Leave to File, an analysis of the relevant factors clearly favors permitting JACL Plaintiffs to file these declarations

using pseudonyms. ECF No. 72 at 3-9; *see also In re Sealed Case*, 971 F.3d 324, 326-27 (D.C. Cir. 2020) (citation omitted). The Doe Declarants wish to protect their identities from public disclosure because they reasonably fear retaliation and retribution for expressing their viewpoint in a lawsuit against Mr. Musk and DOGE. Mr. Musk has used his control of and presence on X to threaten, mock, and disparage individuals opposed to his actions. Compl. ¶ 321 n.124. Moreover, some of the Doe Declarants fear that Mr. Musk, DOGE, and/or other federal officials and agencies could retaliate by barring them from receiving federal research funds in the future, or otherwise deprive them or their organizations of federal funding or other services. Unfortunately, since the time of JACL Plaintiff's initial motion, the risk of governmental reprisal has only increased.[2]

## CONCLUSION

For the reasons stated herein and in JACL Plaintiffs' prior motion, ECF No. 72, this Court should grant this motion and grant leave for JACL Plaintiffs to file the referenced declarations via pseudonym.

Date:   May 28, 2025                                   Respectfully submitted,

                                                       */s/ Bruce V. Spiva*

Gloria D. Smith*                                       Bruce V. Spiva (DC Bar No. 443754)
Sanjay Narayan*                                        Daniel S. Lenz**
SIERRA CLUB ENVIRONMENTAL LAW                          Tara Malloy (DC Bar No. 988280)
PROGRAM                                                Robert Brent Ferguson (DC Bar No. 1782289)
2101 Webster Street, Suite 1300                        Katherine Hamilton (DC Bar No. 90006168)
Oakland, CA 94612                                      Heather Szilagyi (DC Bar No. 90006787)

---

[2] *See* Op. & Order, *Ozturk v. Trump*, No. 2:25-cv-00374-wks (D. Vt. May 16, 2025), ECF No. 140 (noting the Government had presented nothing to justify its conduct in Ms. Ozturk's visa revocation and detention beyond her political speech); see also Mahdawi v. Trump, No. 25-1113, 2025 WL 1353665 (2d Cir. May 9, 2025); Slip Op. at 33-35, Wilmer Cutler Pickering Hale and Dorr LLP v. EOP, No. 1:25-cv-00917-RJL (D.D.C. May 27, 2025), ECF No. 110.

(415) 977-5532  
gloria.smith@sierraclub.org  
sanjay.narayan@sierraclub.org  

*Counsel for Plaintiff Sierra Club*

Rachel Appel (DC Bar No. 90017750)  
CAMPAIGN LEGAL CENTER  
1101 14th St. NW, Suite 400  
Washington, D.C. 20005  
(202) 736-2200  
bspiva@campaignlegalcenter.org  
khuddleston@campaignlegalcenter.org  
dlenz@campaignlegalcenter.org  
bferguson@campaignlegalcenter.org  
khamilton@campaignlegalcenter.org  
hszilagyi@campaignlegalcenter.org  
rappel@campaignlegalcenter.org  

*Counsel for Plaintiffs Japanese American Citizens League, OCA-Asian Pacific American Advocates, Sierra Club, and Union of Concerned Scientists*

*\*Application for pro hac vice forthcoming*  
*\*\*Admitted pro hac vice*