UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STATE OF NEW MEXICO**, *et al.*<br><br>    Plaintiffs,<br><br>    v.<br><br>**ELON MUSK**, *et al.*<br><br>    Defendants. | Civil Action No. 25-cv-429 (TSC) |
| **JAPANESE AMERICAN CITIZENS LEAGUE**, *et al.*<br><br>    Plaintiffs,<br><br>    v.<br><br>**ELON MUSK**, *et al.*<br><br>    Defendants. | Civil Action No. 25-cv-643 (TSC) |

**OPINION & ORDER**

On March 12, 2025, the court granted in part and denied in part Plaintiffs' request for expedited discovery in *New Mexico v. Musk*, No. 25-cv-429 (the "March 12 Discovery Order"). ECF No. 61.  Defendants sought an emergency stay and writ of mandamus quashing the court's March 12 Discovery Order from the U.S. Court of Appeals for the D.C. Circuit.  Pet. for Writ of Mandamus, Emergency Mot. for Stay, *In re Musk*, No. 25-5072 (D.C. Cir. Mar. 18, 2025).[1]  The Circuit granted the emergency stay, ordering that this court's "March 12, 2025 order be stayed

---

[1] Because Defendants filed a petition for a writ of mandamus, they are Petitioners in the D.C. Circuit case. *See generally In re Musk*, No. 25-5072 (D.C. Cir. Mar. 18, 2025).  For clarity, the court uses Defendants and Plaintiffs when discussing filings by the parties in this action and in the D.C. Circuit.

pending further order of" the Circuit.  ECF No. 78; Order, *In re Musk*, No. 25-2072 (D.C. Cir. Mar. 26, 2025).  Accordingly, the court stayed its March 12 Discovery Order.  Mar. 26, 2025, Min. Order.

The Circuit further ordered the parties to promptly notify it upon the court's disposition of Defendants' pending motion to dismiss.  ECF No. 78.  On May 27, 2025, the court granted in part and denied in part Defendants' motion to dismiss Plaintiffs' Complaint in *New Mexico v. Musk*, No. 25-cv-429.  ECF No. 94.  The parties promptly notified the Circuit and, at Defendants' request, the Circuit ordered Defendants to file a motion to govern further proceedings.  *See* Order, *In re Musk*, No. 25-2072 (D.C. Cir. May 29, 2025).

On June 6, 2025, Plaintiffs moved in this court to vacate the March 12 Discovery Order, ECF No. 101, and subsequently notified the Circuit of that motion, Notice, *In re Musk*, No. 25-2072 (D.C. Cir. June 9, 2025).  Plaintiffs seek to vacate the order because they "will not be filing a motion for preliminary injunction," which was the basis for expedited discovery.  Mot. to Vacate at 1, ECF No. 101.  Defendants' response states they do not "oppose vacating the March 12 Discovery Order" and asks the court to "indicate how it intends to rule on Plaintiffs' motion to vacate."  Defs.' Resp. at 1, ECF No. 102.

Until the Circuit lifts the stay of the March 12 Discovery Order, the court lacks authority to vacate that order.  A stay pending judicial review "temporarily suspend[s] the source of authority to act—the order or judgment in question—" to "allow an appellate court the time necessary to review it."  *Nken v. Holder*, 556 U.S. 418, 421, 428–29 (2009).  Pursuant to the Circuit's Order, this court cannot lift the stay absent "further order" from the Circuit.  ECF No. 78.  To lift the stay and vacate the March 12 Discovery Order, even with the parties' agreement, "would flaunt basic principles of vertical stare decisis."  *See Ala. Ass'n of Realtors v. U.S. Dep't of Health & Hum.*

*Servs.*, 557 F. Supp. 3d 1, 8 (D.D.C. 2021); *id.* at 10 (refusing to lift stay affirmed by D.C. Circuit because the district court "lacks the power or authority to reach the opposite conclusion of the D.C. Circuit on the same issues, in the same emergency posture, and in the same case" (citation and internal quotation marks omitted)); *see also Briggs v. Pa. R. Co.*, 334 U.S. 304, 306 (1948).

The court's hands are not completely tied, however. Pursuant to Federal Rule of Civil Procedure 62.1, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," the court may nonetheless indicate that it "would grant the motion if the court of appeals remands for that purpose . . ." Fed. R. Civ. P. 62.1(a). In these circumstances, an indicative ruling "is appropriate and may help advance the final resolution of this matter." *See Amarin Pharms. Ir. Ltd. v. Food & Drug Admin*., 139 F. Supp. 3d 437, 443 (D.D.C. 2015). Therefore, considering that Defendants do not oppose and request an indicative ruling, Defs.' Resp. at 1, the court states that it would grant Plaintiffs' motion to vacate if the Circuit lifts the stay and remands for that purpose.

For the reasons stated above, the court will defer resolution of Plaintiffs' motion to vacate pending further action from the Circuit. In accordance with Rule 62.1(b), Plaintiffs shall promptly notify the Clerk of Court of the U.S. Court of Appeals for the D.C. Circuit of the court's indicative ruling.

Date: June 10, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge