THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW MEXICO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ELON MUSK, in his official capacity, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-00429 |
| JAPANESE AMERICAN CITIZENS LEAGUE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ELON MUSK, in his official capacity, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-00643 |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully submit this notice of supplemental authority to apprise this Court of the Supreme Court's opinion in *NRC v. Texas*, --- S. Ct. ----, 2025 WL 1698781 (2025), which was issued on June 18, 2025.

In *NRC v. Texas*, the Supreme Court confirmed the framework for considering nonstatutory, ultra vires review, 2025 WL 1698781, at *8-9, which Plaintiffs have invoked in these consolidated cases. *See JACL* Compl. ¶¶ 322-25 (Count One: "Ultra Vires"); *see also New Mexico* Compl. ¶¶ 261-72 (Count II: "Conduct in Excess of Statutory Authority"). As the Court explained, "[b]efore enactment of the APA . . . courts sometimes entertained 'a bill in equity to attack administrative action when no statutory review was available.'" *Id.* at *8 (citation omitted). The Court emphasized that has not been

the case since the passage of the APA "[b]ecause ultra vires review could become an easy end-run around the limitations of . . . judicial-review statutes, this Court's subsequent cases have strictly limited nonstatutory ultra vires review to the 'painstakingly delineated procedural boundaries of' *Leedom v. Kyne*, 358 U.S. 184 (1958), the "leading case on post-APA ultra vires review."' *Id.* at *9.  The Court further underscored that "[t]he *Kyne* exception is a narrow one . . ." and it "applies *only* when an agency has taken action entirely in excess of its delegated powers," *NRC*, 2025 WL 1698781 at *9 (cleaned up) (emphasis added), and "contrary to a *specific prohibition* in a statute.," *id.* (emphasis in original).

The Court also confirmed that, among other restrictions, nonstatutory review is "unavailable if, as is usually the case, a statutory review scheme provides aggrieved persons 'with a meaningful and adequate opportunity for judicial review[.]'" *Id.* (quoting *Board of Governors, FRS v. MCorp Financial, Inc.*, 502 U.S. 32, 43 (1991)). Thus, the Court recognized a nonstatutory ultra vires claim "'is essentially a Hail Mary pass—and in court as in football, the attempt rarely succeeds.'" *Id.* at *9 (quoting *Nyunt v. Chairman, Broadcasting Bd. of Governors*, 589 F.3d 445, 449 (D.C. Cir. 2009)).

Defendants' arguments in support of dismissing the ultra vires claim in *JACL* are substantially consistent with the Supreme Court's recent decision. *See generally* ECF Nos. 90, 104. In *New Mexico*, however, this Court expressly recognized that the "States do not claim that Defendants violated a specific statutory prohibition" but nonetheless denied Defendants' motion to dismiss their ultra vires claim, because "[c]onduct in violation of specific statutory limitations 'is just one example of an ultra vires act—not the only example of an ultra vires action.'" ECF No. 93 at 35-36 (citation omitted). That reasoning is at odds with *NRC*.  The Supreme Court made clear that the only cognizable form of ultra vires review are the cases that fit the mold of *Kyne*, i.e. "contrary to a *specific prohibition* in a statute." *See NRC*, 2025 WL 1698781 at *9 ("[plaintiffs] basically dress up a typical statutory-authority argument as an ultra vires claim. That is a fairly common maneuver when a litigant tries to squeeze its arguments into the *Leedom v. Kyne* box—and is in large part why those claims rarely succeed."). Thus,

2

courts should not override judicial review procedures that Congress creates by statute with judge-made causes of action. *Id.* at *8-9. The Court should thus grant Defendants' motion to dismiss Count I of the *JACL* Plaintiffs' Complaint.

Dated:  June 24, 2025                                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

DIANE KELLEHER
Director, Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director,
    Federal Programs Branch

*/s/ James J. Wen*
JAMES J. WEN
    (NY Bar No. 5422126)
JACOB S. SILER
    (DC Bar No. 1003383)
CHRISTOPHER M. LYNCH
    (D.C. Bar No. 1049152)
GARRY D. HARTLIEB
    (IL Bar. No. 6322571)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
(202) 598-7361
james.j.wen@usdoj.gov

Attorneys for Defendants

3