**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF NEW MEXICO, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELON MUSK, *in his official capacity*, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00429-TSC (Lead) |
| JAPANESE AMERICAN CITIZENS LEAGUE, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELON MUSK, *in his official capacity*, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00643-TSC |

**<u>JAPANESE AMERICAN CITIZENS LEAGUE PLAINTIFFS' RESPONSE TO
DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Plaintiffs Japanese American Citizens League et al. ("JACL Plaintiffs") respectfully submit this response to Defendants' Notice of Supplemental Authority ("Notice"). ECF No. 105. Defendants suggest that the Supreme Court's decision in *Nuclear Regulatory Commission v. Texas*, No. 23-1300, 2025 WL 1698781 (U.S. June 18, 2025), declining to consider nonstatutory ultra vires review of *agency* action warrants dismissal of Plaintiffs' ultra vires claim against *non-agency* defendants Elon Musk, Amy Gleason, and the U.S. DOGE Service. This argument is without merit.

*Nuclear Regulatory Commission* and "the Court's leading case on post-APA ultra vires review," *Leedom v. Kyne*, 358 U.S. 184 (1958), only address review of "ultra vires agency action" and have no bearing on ultra vires claims against governmental action by non-agency actors, including JACL Plaintiffs' ultra vires claim in this case. 2025 WL 1698781 at \*8; *see also Boire v.*

1

*Greyhound Corp.*, 376 U.S. 473, 481 (1964) (*Kyne*'s exception applies to agency action); *Bhd. of Ry. & S.S. Clerks, Freight Handlers, Express & Station Emp. v. Ass'n for Benefit of Non-Cont. Emp.*, 380 U.S. 650, 660 (1965) (same); *Bd. of Governors of Fed. Rsrv. Sys. v. MCorp Fin., Inc.*, 502 U.S. 32, 43 (1991) (same).

*Kyne*'s exception, which allows ultra vires review of agency action when an agency acts "in excess of its delegated powers and contrary to a *specific prohibition* in a statute[,]" makes sense because agencies are creatures of statute and Congress has delineated judicial review procedures for agency action. *Nuclear Regul. Comm'n,* 2025 WL 1698781, at *9 (citation modified). But different considerations govern where there is no relevant statutory authority. *See, e.g.*, *Marin Audubon Soc'y v. Fed. Aviation Admin.*, 121 F.4th 902 (D.C. Cir. 2024). Here, Mr. Musk, Ms. Gleason, and DOGE are government actors neither created by nor acting in accordance with any authority granted by statute or the U.S. Constitution. ECF No. 97 at 42-45. Plaintiffs' claim these Defendants are acting without *any basis* in law, and as such, are acting ultra vires. Therefore, Defendants' reliance on cases regarding agency action, including *Nuclear Regulatory Commission*, is misplaced and their motion to dismiss should be denied.

Dated: June 26, 2025

Respectfully submitted,

/s/ Bruce V. Spiva

Gloria D. Smith**
Sanjay Narayan
SIERRA CLUB ENVIRONMENTAL LAW PROGRAM
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5532
gloria.smith@sierraclub.org
sanjay.narayan@sierraclub.org

Bruce V. Spiva (DC Bar No. 443754)
Daniel S. Lenz*
Robert Brent Ferguson (DC Bar No. 1782289)
Katherine Hamilton (DC Bar No. 90006168)
Heather Szilagyi (DC Bar No. 90006787)
Rachel Appel (DC Bar No. 90017750)
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400

*Counsel for Plaintiff Sierra Club*

Washington, D.C. 20005
(202) 736-2200
bspiva@campaignlegalcenter.org
dlenz@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
khamilton@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
rappel@campaignlegalcenter.org

*Counsel for Plaintiffs Japanese American Citizens League, OCA-Asian Pacific American Advocates, Sierra Club, and Union of Concerned Scientists*

*\*Admitted pro hac vice*
*\*\* pro hac vice forthcoming*