UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW MEXICO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ELON MUSK, in his official capacity, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-00429 |
| JAPANESE AMERICAN CITIZENS LEAGUE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ELON MUSK, in his official capacity, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-00643 |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this notice of supplemental authority to apprise this Court of four recent decisions that support Defendants' motion to dismiss the *JACL* Complaint. *See* ECF No. 90.

Initially, the Supreme Court's August 21, 2025, order in *National Institutes of Health v. American Public Health Association*, No. 25A103, 2025 WL 2415669 (U.S. Aug. 21, 2025) ("*NIH*") supports Defendants' argument that Plaintiffs' claims predicated on the loss of contracts or grants fall outside this Court's subject-matter jurisdiction, *see* ECF No. 90 at 16–19. In *NIH*, the Supreme Court confirmed that the Administrative Procedure Act's "'limited waiver of [sovereign] immunity' does not

provide the District Court with jurisdiction to adjudicate claims 'based on' . . . grants or to order relief designed to enforce any "'obligation to pay money'" pursuant to those grants." *NIH*, 2025 WL 2415669, at *1 (quoting *Dep't of Educ. v. California*, 145 S. Ct. 966, 968 (2025)). Rather, claims based on "any express or implied contract with the United States" belong in the Court of Federal Claims. *California*, 145 S. Ct. at 968; *see NIH*, 2025 WL 2415669, at *2 (Barrett, J., concurring). Here, Plaintiffs' claims are based at least in part on governmental decisions "to terminate or cancel federal grants and contracts." *JACL* Compl. ¶ 323; *see also id.* ¶¶ 329, 336, 341. Under the reasoning of *California* and *NIH*, review of those terminations and cancelations are outside of this Court's jurisdiction. *Cf.* ECF No. 90 at 16–19; *see also Climate United Fund v. Citibank, N.A.*, No. 25-5122, 2025 WL 2502881, at *8 (D.C. Cir. Sept. 2, 2025) ("[D]istrict courts have no jurisdiction to hear claims that the federal government terminated a grant agreement arbitrarily . . . . Claims of arbitrary grant termination are essentially contractual and fall outside the APA's waiver of sovereign immunity.").

Likewise, the D.C. Circuit's recent decision in *Nat'l Treasury Emps. Union v. Vought*, No. 25-5091, 2025 WL 2371608 (D.C. Cir. Aug. 15, 2025) ("*NTEU*") supports Defendants' argument that the Court lacks jurisdiction over Plaintiffs' claims insofar as they challenge any government personnel actions. *See* ECF No. 90 at 19-25. In *NTEU*, the D.C. Circuit held that "a specialized-review scheme governs" claims seeking "to redress injuries from agency decisions to fire employees" that "ousts the district courts of their arising-under jurisdiction." 2025 WL 2371608, at *5; *see id.* at *4–*6. Importantly, the *NTEU* court made clear that such claims brought by parties—like Plaintiffs here—who are neither federal employees nor labor unions are still subject to CSRA preclusion, even if they cannot invoke the CSRA themselves. As the D.C. Circuit explained, "if employees cannot end-run the CSRA's reticulated scheme of administrative and judicial review, then neither can" Plaintiffs. 2025 WL 2371608, at *6 n.3; *see* ECF No. 90 at 21.

2

Even if the Court were to conclude it has jurisdiction over the *JACL* plaintiffs' claims, both *NTEU* and two other recent decisions of the D.C. Circuit confirm that their separation of powers, *ultra vires*, and Administrative Procedure Act claims should be dismissed. *See NTEU*, 2025 WL 2371608; *Global Health Council v. Trump*, No. 25-5097, 2025 WL 2480618 (D.C. Cir. Aug. 28, 2025);[1] *Climate United Fund*, 2025 WL 2502881. As to the *JACL* plaintiffs' freestanding separation-of-powers claim, both *NTEU* and *Global Health* rejected a claim substantively identical to the one pressed here. In both cases, a plaintiff claimed that Executive Branch officials violated the separation of powers by taking certain actions that it was argued only Congress could take, including the alleged impoundment of funds that were appropriated for USAID grants and a putative decision to shut down a federal agency. *See NTEU*, 2025 WL 2371608, at \*19; *Global Health*, 2025 WL 2480618, at \*4. The plaintiffs in each case argued they need not meet the "strictly limited" requirements of an *ultra vires* claim because they asserted an equitable separation-of-powers claim directly under the constitution. *Global Health*, 2025 WL 2480618, at \*12 (quoting *Nuclear Regul. Comm'n v. Texas*, 145 S. Ct. 1762, 1775–76); *see NTEU*, 2025 WL 2371608, at \*19. The D.C. Circuit rejected the claim in both cases, explaining that plaintiffs lack a cause of action to bring freestanding constitutional claims when those claims are predicated on the violation of statutes. *See NTEU*, 2025 WL 2371608, at \*20; *Global Health*, 2025 WL 2480618, at \*6; *see also Climate United Fund*, 2025 WL 2502881, at \*10 ("Claims that agency officials acted in excess of their statutory authority do not *ipso facto* allege violations of the 'Separation of Powers.' . . . [W]e decline to adopt a principle that would convert every statutory challenge to agency action into a constitutional claim."). Just as in those cases, the *JACL* plaintiffs attempt to assert a separation-of-powers claim based on various Executive Branch actors' termination of grants, contracts, and federal workers funded by congressional appropriation and otherwise allegedly working to abolish federal

---

[1] On August 28, 2025, the full D.C. Circuit denied the *Global Health* appellees' petition for rehearing *en banc*. *See* Order, *Global Health Council v. Trump*, No. 25-5097 (D.C. Cir. Aug. 28, 2025).

departments and agencies. *See JACL* Compl. ¶ 329. And just as in those cases, the "only constitutional source of executive authority" is "the President's obligation to take care that the *statutes* governing" those appropriations and agencies "are faithfully executed." *NTEU*, 2025 WL 2371608, at *20; *see JACL* Compl. ¶ 328. As *NTEU* and *Global Health* make clear, such a claim "gives rise at most to an *ultra vires* claim." *NTEU*, 2025 WL 2371608, at *20. Plaintiffs' freestanding separation-of-powers claim is thus precluded by those precedents.

The *Global Health* decision further makes clear that the *JACL* plaintiffs cannot satisfy the stringent three-part test applicable to *ultra vires* claims. *See Global Health*, 2025 WL 2480618, at *12 (explaining that "the Executive may carry out lawful impoundments subject to certain procedures and restrictions and the grantees can point to no specific prohibition that defendants have violated to an extreme and nearly jurisdictional degree"); *cf. NTEU*, 2025 WL 2371608, at *18 (explaining that "aggrieved consumers of [agency] services may seek review through the APA cause of action"). In response to the government's prior notice of supplemental authority, the *JACL* plaintiffs argued that this test applies only to review of agency action and has "no bearing on ultra vires claims against governmental action by non-agency actors." *See* ECF No. 107 at 1. But the *JACL* plaintiffs never made that argument in their opposition to the government's motion to dismiss and therefore forfeited it. And not one of the cases the *JACL* plaintiffs cite on this point relies on that distinction.[2] *See* ECF No. 107.

Finally, *NTEU* also precludes the *JACL* plaintiffs' APA claim. As the D.C. Circuit explained, the APA "requires the plaintiff to target specific agency action that has caused [it] an injury." *NTEU*, 2025 WL 2371608, at *8. But this "case is not constructed like that." *Id* at *7. On the *JACL* Plaintiffs'

---

[2] In fact, one of the cases the *JACL* plaintiffs cited did not address the availability of a non-statutory, equitable cause of action at all. *See Marin Audubon Society v. Federal Aviation Administration*, 121 F.4th 902, 908 (D.C. Cir. 2024) (noting that 49 U.S.C. § 46110(a) provided for judicial review of final orders of the FAA in the D.C. Circuit).

own telling, they "are not challenging decisions or policies that were made through a formal process or otherwise produced a record like the Court may see in a typical APA case." ECF No. 11 at 20, *Japanese Am. Citizens League v. Musk*, No. 1:25-cv-643 (D.D.C. Mar. 10, 2025). (cleaned up). That admission is fatal to their APA claim. *See NTEU*, 2025 WL 2371608, at *7–18.

Dated: September 3, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

DIANE KELLEHER
Director, Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director, Federal Programs Branch

*/s/ Christopher M. Lynch*
GARRY D. HARTLIEB (IL Bar. No. 6322571)
CHRISTOPHER M. LYNCH
(D.C. Bar No. 1049152)
JACOB S. SILER (DC Bar No. 1003383)
JAMES J. WEN (NY Bar No. 5422126)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
(202) 353-4556
jacob.s.siler@usdoj.gov

*Counsel for Defendants*

5