UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW MEXICO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ELON MUSK, in his official capacity, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-00429 |
| JAPANESE AMERICAN CITIZENS LEAGUE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ELON MUSK, in his official capacity, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-00643 |

**JOINT STATUS REPORT**

Pursuant to the Court's order of November 24, 2025, as well as the Court's order of December 1, 2025 granting the consent motion for an extension of time, the parties report as follows. On December 10, 2025, counsel for all parties met and conferred via video teleconference. The positions of the respective parties are described below:

**POSITION OF THE PLAINTIFF STATES**

The Plaintiff States have decided to voluntarily dismiss their case, without prejudice, and will be filing an appropriate dismissal notice shortly.

## **POSITION OF *JAPANESE AMERICAN CITIZENS LEAGUE* PLAINTIFFS**

Plaintiffs in the consolidated case, *Japanese American Citizens League v. Musk* ("JACL Plaintiffs"), respond as follows to the Court's November 24, 2025 Order. Based on the current record, the JACL Plaintiffs assert that the status of the case has not changed and there remains a current case or controversy. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (citation and quotation marks omitted). As the party asserting that there no longer remains a live case or controversy, the "initial 'heavy burden' of establishing mootness lies" with the Defendants. *Honeywell Int'l, Inc. v. Nuclear Regul. Comm'n*, 628 F.3d 568, 576 (D.C. Cir. 2010) (citing *Motor & Equip. Mfrs. Ass'n v. Nichols*, 142 F.3d 449, 459 (D.C. Cir. 1998)). And only if "events have so transpired that [a judicial] decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future," is the case moot. *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 534 (D.C. Cir. 2015) (internal citation and quotation marks omitted).

Defendants have produced no facts on the record to suggest, let alone meet, their "heavy burden," that this case is moot. *See Hardaway v. Dist. of Columbia Housing Auth.*, 843 F.3d 973, 980 (D.D.C. 2016). Parties may not establish mootness, and thus deprive the Court of jurisdiction, through a "mere 'wave of [the] hand.'" *Id.* (quoting *Kifafi v. Hilton Hotels Retirement Plan*, 701 F.3d 718, 724 (D.C. Cir. 2012)). As described in JACL Plaintiffs' Complaint, their case is about the efforts of Elon Musk and the U.S. DOGE Service to exercise significant authority in the federal government without lawful authority. *See* Complaint, *Japanese Am. Citizens League v. Musk*, No. 1:25-cv-00643 (D.D.C. Mar. 5, 2025), ECF No. 1. JACL Plaintiffs are aware of public reporting, in addition to Defendants'

2

representations, that Mr. Musk is no longer in the government,[1] that other DOGE staffers have left,[2] and that DOGE has "disbanded."[3] Other reporting, however, indicates that DOGE's status, and the status of many of its staffers, remains unclear.[4] In addition, President Trump's executive orders establishing DOGE and requiring federal agencies to establish DOGE Teams within their agencies which coordinate their work with the U.S. DOGE Service,[5] and charging those DOGE Teams with cutting government grants and contracts, reviewing federal employee travel, freezing credit cards, and terminating leases,[6] remain in effect.

Defendants today acknowledge that those orders remain in effect and have not produced competent evidence—in the form of declarations, affidavits, deposition testimony, or in any other format—that would indicate mootness. *Cf. United States v. All Assets Held at Bank Julius Baer & Co.,*

---

[1] Christal Hayes and Brandon Drenon, *Elon Musk leaves White House but says Doge will continue*, BBC News (May 28, 2025), https://www.bbc.com/news/articles/cz9y4exj822o ("In a post on his social media platform X, the world's richest man thanked Trump for the opportunity to help run the Department of Government Efficiency, known as Doge."); Stephen Fowler, *Elon Musk is leaving the federal government. What's next for DOGE?*, NPR (May 30, 2025), https://www.npr.org/2025/05/30/nx-s1-5415641/musk-leaves-doge-what-comes-next ("Elon Musk is leaving his role as the guiding force behind the Department of Government Efficiency initiative Friday after facing legal setbacks, clashes with Cabinet members and little evidence to support claims of savings or government efficiency.").

[2] Shalini Ramachandran and Josh Dawsey, *Elon Musk's Chief Lieutenant at DOGE Leaves Agency*, Wall Street Journal (May 29, 2025), https://www.wsj.com/us-news/steve-davis-leaves-doge-411a2d1b?gaa_at=eafs&gaa_n=AWEtsqc7HBwXjg_Lw29PzXCYt1F98heYluC8yI6VYYs1E1ef0ikMHS7pb0y5KyfsXd0%3D&gaa_ts=6939ec5f&gaa_sig=xajEkGW3Ex_X8TXwv8Y5y6xCf_XrWxCqCk2lbQzNh71BQaFi3fJby4ZqJpnTiG_vGH4gHw_jeS4LeUiqn0OO0A%3D%3D (reporting that Steve Davis had left DOGE); Sophia Cai and Daniel Lippman, *Core DOGE staffers follow Musk out the door*, Politico (July 11, 2025), https://www.politico.com/news/2025/07/11/doge-staff-departures-00448233.

[3] Courtney Rozen, *Exclusive: DOGE 'doesn't exist' with eight months left on its charter*, Reuters (Nov. 24, 2025), https://www.reuters.com/world/us/doge-doesnt-exist-with-eight-months-left-its-charter-2025-11-23/.

[4] Sophia Cai, *DOGE lead Steve Davis did not go quietly*, Politico (July 14, 2025), https://www.politico.com/news/2025/07/14/doge-lead-steve-davis-did-not-go-quietly-00452257 (indicating that even after his purported departure, Davis "was acting as if he'd never left."); Makena Kelly and Vittoria Elliott, *DOGE Isn't Dead. Here's What Its Operatives Are Doing Now*, WIRED (Dec. 2, 2025), https://www.wired.com/story/what-is-doge-doing-now/.

[5] Executive Order 14158.

[6] Executive Order 14222.

*Ltd.*, No. CV 04-798 (PLF/GMH), 2016 WL 11609893, at *2 (D.D.C. May 18, 2016) (describing the U.S. government's argument that a litigant did not produce concrete evidence, but instead relied on "vague hints of danger stemming from news stories."); *Doe v. Off. of Pers. Mgmt.*, No. CV 25-234 (RDM), 2025 WL 513268, at *3 (D.D.C. Feb. 17, 2025) ("Plaintiffs have failed to offer any evidence, other than news stories and a podcast, in support of their motion.").[7] To the contrary, Defendants have resisted JACL Plaintiffs' attempts to obtain evidence in this case, and have generally sought to avoid discovery into the nature of their operations. *See* Def's Opp. to Ps' Expedited Mot. for Expedited Disc., *Japanese Am. Citizens League v. Musk*, No. 1:25-cv-00643 (D.D.C. Mar. 19, 2025), ECF No. 49; Petition for a Writ of Mandamus, *In re Musk*, No. 25-5072 (D.C. Cir. Mar. 18, 2025); *U.S. DOGE Service v. Citizens for Responsibility and Ethics in Washington*, 145 S. Ct. 1981 (2025) (Mem.). And JACL Plaintiffs, nonprofit organizations that are not part of the federal government, have no specialized basis on which to determine whether the facts have changed in such a way as to make this case moot.

At a minimum, to establish that facts have changed in a way that affects how this case should proceed, Defendants should produce evidence satisfactory to the Court to establish the current nature of DOGE, the DOGE Teams, the status of DOGE employees within the federal government, whether or not there continues to exist centralized DOGE leadership that directs the work of the DOGE Teams or other federal employees or agencies, and the nature and extent of communications between any current DOGE Team Members and staff and individuals outside the agency for whom they work. JACL Plaintiffs also respectfully submit that a brief period of limited discovery would be appropriate to assess the veracity of any of Defendants' statements or evidence added to the record.[8]

---

[7] While Defendants state, "[a]s a practical matter, many of the personnel, contract, and grant actions alleged in both Complaints have been addressed by other specific court challenges," *see infra*, they provide no detail as to any such changes.

[8] Discovery may also inform whether amendment of the Complaint is appropriate.

4

Until such time as Defendants produce satisfactory evidence on the record in this case—and not merely through the media—the status of this case has not changed.[9]

## POSITION OF DEFENDANTS

These cases are consolidated challenges to federal governmental actions Plaintiffs claim were taken under the direction and authority of Elon Musk and others Plaintiffs associate with the so-called Department of Government Efficiency. Defendants have maintained that all such actions were taken under the authority and at the direction of duly authorized officials at the respective agencies. Both sets of plaintiffs seek injunctive relief preventing Mr. Musk and "DOGE" from exceeding their authority and other declaratory relief.

Mr. Musk's government service ended in May 2025. Many other individuals featured in the Plaintiffs' Complaints or otherwise publicly associated with "DOGE" have also left government service, including Steve Davis, Tom Krause, *New Mexico* Compl. ¶¶ 82–84, Katie Miller, *JACL* Compl. ¶ 139, and Luke Farritor, *New Mexico* Compl. ¶ 137. Certain federal agencies have retained individuals as agency employees within those agencies who serve or served as DOGE Team members to continue efforts to reduce waste, fraud, and abuse at the direction of relevant department heads.

As described in prior filings, Executive Order 14,158 reformed and renamed the former United States Digital Service as the United States DOGE Service ("USDS") and established that entity in the Executive Office of the President. Executive Order 14,158 also established a "U.S. DOGE Service Temporary Organization" within USDS to terminate on July 4, 2026. The USDS and the U.S. DOGE Service Temporary Organization remain in existence pursuant to Executive Order 14,158.

Mr. Musk's departure from government service means that Plaintiffs' Appointments Clause claims based on his alleged status as a *de facto* officer of the United States are moot. That includes

---

[9] Nothing herein is intended to waive, modify, or supersede any arguments made in JACL Plaintiffs' Opposition to the Motion to Dismiss in their case, ECF No. 64.

Count III of the *JACL* Plaintiffs' Complaint, which asserts an Appointments Clause claim solely against Mr. Musk, as well as the portion of Count I of the States' Complaint that is asserted against Mr. Musk. Plaintiffs' request for injunctive relief is similarly moot, as there is no likelihood that Mr. Musk will return to government service.

Both sets of Plaintiffs assert an *ultra vires* claim, and the *JACL* Plaintiffs assert additional separation-of-powers and Administrative Procedure Act claims. To the extent those claims seek declaratory or retrospective relief, they fail for the reasons stated in Defendants' prior briefing and notices of supplemental authority. As a practical matter, many of the personnel, contract, and grant actions alleged in both Complaints have been addressed by other specific court challenges. Thus, to the extent the Court believes any aspect of these challenges present live issues, Plaintiffs should be directed to amend their complaint to identify the specific final agency actions or other occurrences for which they continue to seek relief.

Respectfully submitted this 15th day of December, 2025.

Gloria D. Smith**
Sanjay Narayan
SIERRA CLUB ENVIRONMENTAL LAW PROGRAM
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5532
gloria.smith@sierraclub.org
sanjay.narayan@sierraclub.org

*Counsel for Plaintiff Sierra Club*

*/s/ Bruce V. Spiva*
Bruce V. Spiva (DC Bar No. 443754)
Daniel S. Lenz*
Robert Brent Ferguson (DC Bar No. 1782289)
Tara Malloy (DC Bar No. 988280)
Katherine Hamilton (DC Bar No. 90006168)
Heather Szilagyi (DC Bar No. 90006787)
Rachel Appel (DC Bar No. 90017750)
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
bspiva@campaignlegalcenter.org
dlenz@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
tmalloy@campaignlegalcenter.org
khamilton@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org

6

rappel@campaignlegalcenter.org

*Counsel for Plaintiffs Japanese American Citizens League, OCA-Asian Pacific American Advocates, Sierra Club, and Union of Concerned Scientists*

*\*Admitted pro hac vice*
*\*\* pro hac vice forthcoming*

KRISTIN K. MAYES
Attorney General for the State of Arizona

By: /s/ Joshua D. Bendor
Joshua D. Bendor
D.D.C. Bar ID 031908
*Solicitor General*
Daniel Clayton Barr
*Chief Deputy Attorney General*
Joshua A. Katz
*Assistant Attorney General*
2005 North Central Avenue
Phoenix, AZ 85004
(602) 542-3333
Joshua.Bendor@azag.gov
Daniel.Barr@azag.gov
Joshua.Katz@azag.gov

*Attorneys for the State of Arizona*

RAÚL TORREZ
Attorney General of the State of New Mexico

James Grayson
*Chief Deputy Attorney General*
Anjana Samant
D.D.C. Bar ID 4267019
*Deputy Counsel*
Steven Perfrement
*Assistant Attorney General*
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM  87501
jgrayson@nmdoj.gov

7

asamant@nmdoj.gov
sperfrement@nmdoj.gov
 (505) 270-4332

*Attorneys for the State of New Mexico*


DANA NESSEL
Attorney General, State of Michigan

Jason Evans
*Assistant Attorney General*
Joseph Potchen
*Deputy Attorney General*
Linus Banghart-Linn
*Chief Legal Counsel*
Michigan Department of Attorney General
525 W. Ottawa St.
Lansing, MI 48933
(517) 335-7632
evansj@michigan.gov
potchenj@michigan.gov

*Attorneys for the People of the State of Michigan*


ROB BONTA
Attorney General for the State of California

Thomas S. Patterson
*Senior Assistant Attorney General*
Mark R. Beckington
*Supervising Deputy Attorney General*
Maria F. Buxton
Carolyn Downs
*Deputy Attorneys General*
California Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
(415) 510–4400
maria.buxton@doj.ca.gov

*Counsel for the State of California*


WILLIAM TONG

8

Attorney General for the State of Connecticut

Timothy Holzman
*Assistant Attorney General*
165 Capitol Ave.
Hartford, CT 06106
(860) 808-5020
Timothy.Holzman@ct.gov

*Attorneys for the State of Connecticut*


ANNE E. LOPEZ
Attorney General for the State of Hawai'i

Kaliko'onālani D. Fernandes
*Solicitor General*
David D. Day
*Special Assistant to the Attorney General*
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

*Attorneys for the State of Hawai'i*


ANTHONY G. BROWN
Attorney General for the State of Maryland

Julia Doyle
*Solicitor General*
Adam D. Kirschner
*Senior Assistant Attorney General*
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
(410) 576-6424
AKirschner@oag.state.md.us

*Attorneys for the State of Maryland*


ANDREA JOY CAMPBELL
Attorney General of Massachusetts

Gerard J. Cedrone
D.D.C. Bar ID MA0019

9

*Deputy State Solicitor*
Massachusetts Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2282
gerard.cedrone@mass.gov

*Attorneys for the Commonwealth of Massachusetts*


KEITH ELLISON
Attorney General for the State of Minnesota

Liz Kramer
*Solicitor General*
445 Minnesota Street, Suite 600
St. Paul, MN 55101
(651) 757-1010
liz.kramer@ag.state.mn.us

*Attorneys for the State of Minnesota*


AARON D. FORD
Attorney General for the State of Nevada

Heidi Parry Stern
D.D.C. Bar ID 8873
*Solicitor General*
Office of the Nevada Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
HStern@ag.nv.gov

*Attorneys for the State of Nevada*


DAN RAYFIELD
Attorney General for the State of Oregon

Brian S. Marshall
D.D.C. Bar ID 501670
*Senior Assistant Attorney General*
100 SW Market Street
Portland, OR 97201
(971) 673-1880
brian.s.marshall@doj.oregon.gov

*Counsel for the State of Oregon*


PETER F. NERONHA
Attorney General for the State of Rhode Island

Jeff Kidd
*Special Assistant Attorney General*
150 South Main Street
Providence, RI 02903
(401) 274-4400
jkidd@riag.ri.gov

*Attorneys for the State of Rhode Island*


CHARITY R. CLARK
Attorney General for the State of Vermont

Ryan P. Kane
*Deputy Solicitor General*
109 State Street
Montpelier, VT 05609
(802) 828-2153
ryan.kane@vermont.gov

*Attorneys for the State of Vermont*


NICHOLAS W. BROWN
Attorney General for the State of Washington

Kelsey Endres
*Assistant Attorney General*
Emma Grunberg
*Deputy Solicitor General*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
kelsey.endres@atg.wa.gov
emma.grunberg@atg.wa.gov

*Attorneys for the State of Washington*

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

DIANE KELLEHER
Director, Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director, Federal Programs Branch

*/s/ Christopher M. Lynch*
CHRISTOPHER M. LYNCH
(D.C. Bar No. 1049152)
JACOB S. SILER (DC Bar No. 1003383)
JAMES J. WEN (NY Bar No. 5422126)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
(202) 353-4537
christopher.m.lynch@usdoj.gov

*Counsel for Defendants*