UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW MEXICO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ELON MUSK, in his official capacity, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-00429 |
| JAPANESE AMERICAN CITIZENS LEAGUE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ELON MUSK, in his official capacity, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-00643 |

**Defendants' Supplemental Brief Re Mootness in Support of Motion to Dismiss**

Pursuant to the Court's order of December 17, 2025, Defendants submit this supplemental brief in support of their motion to dismiss and accompanying Declaration of Amy Gleason ("Gleason Decl."). Because the Gleason declaration establishes that Mr. Musk no longer serves as an employee of the White House and Plaintiffs seek only declaratory and injunctive relief, Plaintiffs' Appointments Clause Claim against him must be dismissed as moot, and he must be dismissed as a Defendant.

## BACKGROUND

Plaintiffs filed their Complaint on March 5, 2025, challenging federal governmental actions Plaintiffs claim were taken under the direction and authority of Elon Musk and others that Plaintiffs associate with the so-called Department of Government Efficiency. *See* Complaint, *Japanese Am. Citizens League v. Musk*, No. 1:25-cv-00643 (D.D.C. Mar. 5, 2025), ECF No. 1 ("*JACL* Compl.").[1] Count III of the Complaint asserts a violation of the Appointments Clause of the United States Constitution solely against "Elon Musk," who is named only "in his official capacity." *Id.* ¶¶ 330-38 ("Count Three"); *id.* ¶ 36. Plaintiffs seek injunctive relief preventing Mr. Musk and "DOGE" from exceeding their authority and other declaratory relief. *See id.* at 102-04 (Prayer for Relief).

Mr. Musk joined the government on January 20, 2025, as a Senior Advisor to the President, with the status of a Special Government Employee ("SGE"). *See* Gleason Decl. ¶ 4. Mr. Musk's government service ended on May 28, 2025, 128 days later. *See id.*

## LEGAL STANDARD

"A motion to dismiss for mootness is properly brought under Federal Rule of Civil Procedure 12(b)(1)." *Friends of Animals v. Salazar*, 670 F. Supp. 2d 7, 11 (D.D.C. 2009); *see also Abu Ali v. Gonzales*, 387 F. Supp. 2d 16, 17 (D.D.C. 2005) (Rule 12(b)(1) imposes on the court an "'affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority,' which includes the obligation to consider the possibility of mootness" (citation omitted)). "[A] motion to dismiss under Rule 12(b)(1) may be raised at any time." *Smith v. United States*, 518 F. Supp. 2d 139, 149 (D.D.C. 2007).

---

[1] Other than the *JACL* Complaint, all ECF numbers cited in this brief refer to numbers on the docket in *New Mexico v. Musk*, No. 1:25-cv-00429 (D.D.C.).

**ARGUMENT**

Mr. Musk's departure from government service means that Count III of the *JACL* Plaintiffs' Complaint, which asserts an Appointments Clause claim solely against Mr. Musk based on his alleged status as a *de facto* officer of the United States, is moot. Plaintiffs' requests for injunctive and declaratory relief as to Mr. Musk are similarly moot, as there is no reasonable likelihood that Mr. Musk will return to government service. Mr. Musk should therefore be dismissed as a Defendant in this case.

Article III of the Constitution grants federal courts power to "adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Because mootness poses a jurisdictional bar, the Court must assure itself that Plaintiffs' Appointments Clause claim is not moot before considering its merits. *See, e.g.*, *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). A case is moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). "Even where litigation poses a live controversy when filed, a federal court must refrain from deciding the dispute if events have so transpired that the decision will neither presently affect the parties rights nor have a more-than-speculative chance of affecting them in the future." *Pub. Citizen, Inc. v. Fed. Energy Regul. Comm'n*, 92 F.4th 1124, 1127-28 (D.C. Cir. 2024) (citation modified).

Here, Mr. Musk has left government service. There is thus no "ongoing . . . controvers[y]," *Lewis*, 494 U.S. at 477, over whether he "is exercising significant authority and is acting as a principal officer of the United States but has not been confirmed by the United States Senate, in violation of the Appointments Clause." *JACL* Compl. ¶ 332. There can be no dispute that he is not. The same is true as to the other allegations making up Plaintiffs' Appointments Clause claim. *See, e.g., id.* ¶ 335. ("Mr. Musk reports only to the President of the United States, if anyone, and wields vast, unchecked power over large swaths of the federal government."). And Plaintiffs named Mr. Musk solely "in his official capacity," which is no longer operative. *Id.* ¶ 36. The claim is thus moot.

3

The mootness of Plaintiffs' Appointments Clause claim is particularly acute here, as they seek only injunctive and declaratory relief. *See JACL* Compl. at 102-04 (Prayer for Relief). "Where a plaintiff also seeks injunctive or declaratory relief, a plaintiff 'must allege a likelihood of future *violations* of [its] rights . . . , not simply future *effects* from past violations.'" *Citizens for Resp. & Ethics in Wash. v. Cheney*, 593 F. Supp. 2d 194, 225 (D.D.C. 2009) (quoting *Fair Emp. Council of Greater Wash., Inc. v. BMC Mktg. Corp.,* 28 F.3d 1268, 1273 (D.C. Cir. 1994) (alterations in original)).[2] "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to merely conjectural or hypothetical—threat of future injury." *Cheney*, 593 F. Supp. 2d at 225 (quoting *Nat. Res. Def. Council v. Pena,* 147 F.3d 1012, 1022 (D.C. Cir. 1998)). *See also City of Los Angeles v. Lyons,* 461 U.S. 95, 105 (1983) ("Lyons' standing to seek the injunction requested depended on whether he was likely to suffer future injury . . . ."). Because Mr. Musk no longer has a role in government (and has not had one for more than six months), there is no "real and immediate" threat of him "exercising significant authority and is acting as a principal officer of the United States . . . in violation of the Appointments Clause" in a manner that could harm Plaintiffs.[3] *JACL* Compl. ¶ 332.

---

[2] Although most authority regarding the standing requirements for future injury address injunctive relief, the D.C. Circuit has made clear that these requirements also apply to requests for declaratory relief. *See, e.g.*, *Johnson v. Williams*, Civ. A. No. 06-01453 (RCL), 2009 WL 6810187, at *1 (D.D.C. Aug. 25, 2009) ("This Court considered *Lyons* in the memorandum accompanying its declaratory judgment, but distinguished *Lyons* from the instant case because whereas Lyons sought injunctive relief, Johnson sought a declaratory judgment. *That distinction was in error. . . .*   [T]his Circuit has stated that such distinction is improper." (emphasis added)); *see generally Haase v. Sessions,* 835 F.2d 902, 911 (D.C. Cir. 1987) ("Although *Lyons* and its predecessors involved injunctive relief, whereas Haase seeks declaratory relief, we do not distinguish *Lyons* on this basis.").

[3] As noted below, *see infra* at 7 and n. 4, Claims I, II, and IV of Plaintiffs' Complaint should be dismissed for the reasons set forth in Defendants' prior submissions. However, should the Court decline to dismiss either Claims I or II (the only other claims directed at Mr. Musk), he should be dismissed as a Defendant for the same reasons, particularly as he is named only in his now non-existent "official capacity." *JACL* Compl. ¶ 36.

Nor does either of the "two exceptions to the mootness doctrine" apply here. *Lewis v. Becerra,* Civ. A. No. 18-2929 (RBW), 2023 WL 3884595, at *7 (D.D.C. June 8, 2023). First, the "voluntary cessation" doctrine does not apply. Under that exception, "if one party voluntarily ceases the challenged activity . . . 'the case remains live unless it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'" *Samma v. U.S. Dep't of Def.,* 136 F.4th 1108, 1113 (D.C. Cir. 2025) (citation omitted). But that doctrine does not apply "when the facts do not suggest any arguable manipulation of [the Court's] jurisdiction." *Id.* (citation omitted); *see also Alaska v. U.S. Dep't of Agric.*, 17 F.4th 1224, 1229 (D.C. Cir. 2021) ("The established law of this circuit is that the voluntary cessation exception to mootness has no play when the agency did not act in order to avoid litigation." (citation omitted)). Even if Plaintiffs suggest that this exception applies because Mr. Musk voluntarily left government service, there can be no plausible contention that he did so to avoid the adjudication of this litigation. As a Special Government Employee, Mr. Musk's tenure was limited to a term of 130 days per year. *See* 18 U.S.C. § 202(a); Gleason Decl. ¶ 4. He departed government service after 128 days, consistent with that statutory period. The statutory time limit establishes that there was no manipulation of jurisdiction, and the voluntary cessation exception is thus inapplicable. Further, even if the exception were to apply, the case would still be moot: there is no reasonable expectation that the allegedly wrongful behavior—Mr. Musk's alleged acts as an employee of the White House Office—will recur, as Mr. Musk has returned to life as a private citizen and has no government role.

Nor does the "capable of repetition but evading review exception" apply here. That exception applies if "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *J. T. v. District of Columbia*, 983 F.3d 516, 523 (D.C. Cir. 2020) (citation omitted). "The party invoking the exception bears the burden to show that both

elements are satisfied." *Id.* (citing *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 322 (D.C. Cir. 2009)). Plaintiffs can satisfy neither element.

First, for the same reason addressed above as to the voluntary cessation exception, the second element of the capable of repetition but evading review exception poses an insurmountable bar to Plaintiffs here. They can offer nothing to support any "reasonable expectation" that they may be subject to Mr. Musk's alleged actions as a government employee again, as there is no reasonable basis to expect his return to government service now that he has left.

Plaintiffs also cannot satisfy the first element of this exception. For that to happen, "the challenged action must be incapable of surviving long enough to undergo Supreme Court review." *Id.* (quoting *United Bhd. of Carpenters & Joiners of Am. v. Operative Plasterers' & Cement Masons' Int'l Ass'n of U.S. & Can.*, 721 F.3d 678, 688 (D.C. Cir. 2013)). But nothing in the nature of a putatively unconstitutional appointment is too short to evade review; the Supreme Court has decided numerous Appointments Clause challenges to the service of Executive Branch officials. *See, e.g.*, *Kennedy v. Braidwood Mgmt., Inc.*, 606 U.S. 748 (2025). And although Mr. Musk happened to join the White House as a Special Government Employee, nothing inherent in his role of Senior Advisor to the President required him to assume that time-limited status. So the question of a Senior Advisor to the President's alleged authority (like Mr. Musk's) could certainly last long enough for Supreme Court review; Mr. Musk's service simply ended because it was always contemplated that he would have a temporary, time-limited role in government, and he in fact departed on just such a timetable. *Cf. Karadzic v. Gacki*, No. 23-CV-1226 (TSC), 2024 WL 4253132, at *4 (D.D.C. Sep. 20, 2024) ("The paradigmatic example of disputes capable of repetition, yet evading review arise in cases involving pregnant women. These disputes are capable of repetition because pregnancy 'often comes more than once' to the same person, yet evade review because litigation typically takes longer than 'the normal 266-day human gestation period.'" (citation omitted)).

**CONCLUSION**

For the foregoing reasons, Count III of the JACL Plaintiffs' Complaint should be dismissed as moot. Plaintiffs' Complaint should further be dismissed in full for the reasons stated in Defendants' Motion to Dismiss (ECF No. 90), Reply in Support (ECF No. 104), and Notices of Supplemental Authority (ECF Nos. 105 & 108).[4] Should the Court decline to dismiss in full either Count I or II (the only other claims directed at Mr. Musk), however, it should dismiss Mr. Musk as a Defendant, as Plaintiffs cannot obtain the declaratory and injunctive relief they seek as to him.

Dated: January 7, 2026

        Respectfully submitted,

        BRETT A. SHUMATE
        Assistant Attorney General, Civil Division

        DIANE KELLEHER
        Director, Federal Programs Branch

        CHRISTOPHER R. HALL
        Assistant Branch Director, Federal Programs Branch

        */s/ Christopher M. Lynch*
        CHRISTOPHER M. LYNCH
        (D.C. Bar No. 1049152)
        JACOB S. SILER (DC Bar No. 1003383)
        JAMES J. WEN (NY Bar No. 5422126)
        U.S. Department of Justice
        Civil Division, Federal Programs Branch
        1100 L Street, NW
        Washington D.C. 20005
        (202) 353-4537

---

[4] The District of Columbia Circuit vacated two of the panel opinions cited in Defendants' September 3, 2025 Notice of Supplemental Authority. *See Nat'l Treasury Emps. Union v. Vought*, No. 25-5091, 2025 WL 3659406 (D.C. Cir. Dec. 17, 2025); *Climate United Fund v. Citibank, N.A.*, No. 25-5122, 2025 WL 3663661 (D.C. Cir. Dec. 17, 2025). However, Defendants' arguments remain supported by the numerous other cases, including Supreme Court and D.C. Circuit precedent, cited in their briefing and notices of supplemental authority. In particular, as noted in Defendants' September 3, 2025 Notice of Supplemental Authority, en banc review was denied by the D.C. Circuit in *Global Health Council v. Trump*, 153 F.4th 1 (D.C. Cir. 2025), *see* No. 25-5097, 2025 WL 2709437 (D.C. Cir. Aug. 28, 2025), leaving no question that Plaintiffs' separation of powers and *ultra vires* claims should be dismissed for the reasons explained therein. *See* Notice of Suppl. Auth. at 3-4, 3 n.1, ECF No. 108.

christopher.m.lynch@usdoj.gov

*Counsel for Defendants*