**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF NEW MEXICO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ELON MUSK, in his official capacity, *et al.*, <br><br> Defendants. | Civil Docket No. 1:25-cv-00429-TSC |
| JAPANESE AMERICAN CITIZENS LEAGUE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ELON MUSK, in his official capacity, *et al.*, <br><br> Defendants. | Civil Docket No. 1:25-cv-00643-TSC |

**DEFENDANTS' ANSWER TO *JACL* PLAINTIFFS' COMPLAINT**

Defendants hereby answer Plaintiffs' Complaint, ECF No. 1 in case no. 1:25-cv-00643-TSC.

1.      Paragraph 1 consists of Plaintiffs' characterization of their claims and no response is required. To the extent a response is required, the first two sentences of this paragraph are admitted and the remainder of this paragraph is denied, except that it is admitted that there is no federal executive department called the "Department of Government Efficiency." To the extent the remainder of the Complaint uses the term "DOGE" to refer to the non-existent putative "Department of Government Efficiency," any such allegation is denied.

2.      Paragraph 2 consists of Plaintiffs' characterization of their claims and no response is required. To the extent a response is required, this paragraph is denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

3.      Paragraph 3 consists of Plaintiffs' characterization of their claims and no response is required. To the extent a response is required, Defendants have insufficient information to admit or deny Plaintiffs' characterizations of themselves and/or their activities, and the remainder of this paragraph is denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

4.      Paragraph 4 consists of Plaintiffs' characterization of their claims and no response is required. To the extent a response is required, Defendants have insufficient information to admit or deny Plaintiffs' characterizations of themselves, and the remainder of this paragraph is denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

5.      Paragraph 5 consists of Plaintiffs' characterization of their claims and no response is required. To the extent a response is required, Defendants have insufficient information to admit or deny Plaintiffs' characterizations of themselves and/or their activities, and the remainder of this paragraph is denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

6.      Paragraph 6 consists of Plaintiffs' characterization of their claims and no response is required. To the extent a response is required, Defendants have insufficient information to admit or

deny Plaintiffs' characterizations of themselves, and the remainder of this paragraph is denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

7.      Paragraph 7 consists of Plaintiffs' characterization of their claims and no response is required. To the extent a response is required, Defendants have insufficient information to admit or deny Plaintiffs' characterizations of themselves and/or their activities, and the remainder of this paragraph is denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

8.      Paragraph 8 consists of Plaintiffs' characterization of their claims and no response is required. To the extent a response is required, this paragraph is denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

9.      Paragraph 9 consists of Plaintiffs' characterization of their claims and no response is required. To the extent a response is required, this paragraph is denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

10.     Paragraph 10 states a legal conclusion regarding the Court's jurisdiction to which no response is required. To the extent a response is required, Defendants deny this Court has subject-matter jurisdiction.

11.     Paragraph 11 states a legal conclusion regarding the venue as to which no response is required.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15.     Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' characterizations of themselves and/or their activities, and the remainder of this paragraph is denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

16.     Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' characterizations of themselves and/or their activities, and the remainder of this paragraph is denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20.     Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' characterizations of themselves and/or their activities, and the remainder of this paragraph is denied.

4

Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

31.     Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' characterizations of themselves and/or their activities, and the remainder of this paragraph is denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

35.     Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' characterizations of themselves and/or their activities, and the remainder of this paragraph is denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

36.     Admitted that between January 20, 2025, and May 28, 2025, Mr. Musk was a special government employee within the Executive Office of the President and a Senior Advisor to President Trump. Further admitted that Mr. Musk is not and was not an employee of the U.S. DOGE Service or U.S. DOGE Service Temporary Organization, and is not and was not the U.S. DOGE Service Administrator. Otherwise denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

37.    Admitted, except to the extent that this paragraph contains a selective quotation from Executive Order No. 14,158, which speaks for itself. Defendants refer the Court to the Executive Order for a complete statement of its contents.

38.    Admitted that Ms. Gleason is a federal employee within the Executive Office of the President who serves as Acting Administrator of the U.S. DOGE Service ("USDS"). Otherwise denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

39.    The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

40.    The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

41.    The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

42.    The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

43.    The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

44.    The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

45.    The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

46.    The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

47. The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

48. The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

49. The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

50. The allegations in this paragraph relate to claims dismissed by the Court, ECF No. 119, and require no response.

51. The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

52. The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

53. The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

54. The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

55. The allegations in this paragraph consist of legal conclusions and require no response.

56. The allegations in this paragraph consist of legal conclusions and require no response.

57. The allegations in this paragraph consist of legal conclusions and require no response.

58. The allegations in this paragraph consist of legal conclusions and require no response.

59.    The allegations in this paragraph consist of legal conclusions and require no response.

60.    This paragraph quotes two documents, which speak for themselves. Defendants refer the Court to the documents for a complete statement of their contents.

61.    Admitted that President Trump did not create an advisory committee with the purpose stated in the quoted text.

62.    Denied as to Plaintiffs' summary and characterization of what appears to be Executive Order 14,158, although the Executive Order is not referenced in the paragraph. Defendants refer the Court to Executive Order for a full extent of its contents. To the extent Plaintiffs do not seek to characterize Executive Order 14,158, denied.

63.    This paragraph consists of Plaintiffs' characterization of their claims and legal conclusions as to which no response is required. Otherwise denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

64.    The third sentence and portions of the second sentence of this paragraph consist of legal conclusions as to which no response is required. Otherwise denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

65.    Admitted.

66.    This paragraph consists of legal conclusions as to which no response is required.

67.    Admitted.

68.    Admitted that section three of Executive Order 14,158 includes the text quoted in this paragraph, with the exception of the alteration in brackets. Defendants refer the Court to Executive Order 14,158 for a complete statement of its contents. Otherwise denied.

69.     Admitted that section three of Executive Order 14,158 includes the text quoted in this paragraph. Defendants refer the Court to Executive Order 14,158 for a complete statement of its contents. Otherwise denied.

70.     Admitted that section three of Executive Order 14,158 includes the text quoted in this paragraph, although as indicated by the ellipses certain text is omitted. Defendants refer the Court to Executive Order 14,158 for a complete statement of its contents. Otherwise denied.

71.     Admitted that section three of Executive Order 14,158 includes the text quoted in this paragraph, with the exception of the alterations in brackets, although as indicated by the ellipses certain text is omitted. Defendants refer the Court to Executive Order 14,158 for a complete statement of its contents. Plaintiffs' characterization of the order in the final sentence of this paragraph is denied. Otherwise denied.

72.     The first sentence of this paragraph is admitted. The second sentence is denied.

73.     Admitted that section four of Executive Order 14,158 includes the text quoted in this paragraph. Defendants refer the Court to Executive Order 14,158 for a complete statement of its contents. Otherwise denied.

74.     Denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

75.     The first sentence of this paragraph is denied. Admitted that Executive Order 14,158 specifically references 5 U.S.C. § 3161 and 5 U.S.C. § 551. Otherwise denied.

76.     Admitted that Executive Order 14,158 does not purport to create an office of the United States. The remainder of this paragraph constitutes legal conclusions as to which no response is required. To the extent a response is required, denied.

77. Admitted that certain executive orders issued following Executive Order 14,158 include the word "DOGE." Otherwise denied, consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency."

78. This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

79. This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

80. This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

81. This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

82. This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

83. This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

84. This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

85. This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

86. This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

87. Admitted.

88. Admitted that section two of Executive Order 14,219 includes the text quoted in this paragraph, with the exception of the alteration in brackets, although as indicated by the ellipses certain text is omitted. Defendants refer the Court to Executive Order 14,219 for a complete statement of its contents. Otherwise denied.

89. As to the first sentence of this paragraph, admitted that section four of Executive Order 14,219 includes the text quoted in this paragraph, with the exception of the alterations in brackets. Defendants refer the Court to Executive Order 14,219 for a complete statement of its contents. The first sentence of this paragraph is otherwise denied. Admitted as to the second sentence of this paragraph.

90. Admitted that Executive Order No. 14,219 does not purport to create an office of the United States. As to that Executive Order, the remainder of this paragraph consists of a legal conclusion as to which no response is required. To the extent this paragraph refers to the Executive Orders referenced in paragraphs 78-86, this paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

91. Admitted that on February 26, 2025, President Trump issued Executive Order No. 14,222. Otherwise denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

92. Admitted that section one of Executive Order No. 14,222 includes the quoted text.

93. This paragraph states a legal conclusion, as to which no response is required. To the extent a response is required, denied.

94. Admitted that section two of Executive Order 14,222 includes the text quoted in this paragraph, with the exception of the alterations in brackets. Defendants refer the Court to Executive Order 14,222 for a complete statement of its contents. Otherwise denied.

95.     Admitted that section three (a) of Executive Order 14,222 includes the text quoted in this paragraph, with the exception of the alterations in brackets; however, the quoted text in the second sentence omits certain words without so indicating. The full text of the sentence Plaintiffs apparently intended to quote in the second sentence is as follows: "Each Agency Head shall, with assistance as requested from the agency's DOGE Team Lead, build a centralized technological system within the agency to seamlessly record every payment issued by the agency pursuant to each of the agency's covered contracts and grants, along with a brief, written justification for each payment submitted by the agency employee who approved the payment." Defendants refer the Court to Executive Order 14,222 for a complete statement of its contents. Otherwise denied.

96.     This paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied.

97.     Admitted that section three (b) of Executive Order 14,222 includes the text quoted in the first two sentences of this paragraph, with the exception of the alterations in brackets, although as indicated by the ellipses certain text is omitted. In addition, the quoted sentence continues past the end of the quotation set forth in the Complaint, although the Complaint does not so indicate. Further admitted that section one of Executive Order 14,222 includes the text quoted in the final sentence of this paragraph. Defendants refer the Court to Executive Order 14,222 for a complete statement of its contents. Otherwise denied.

98.     This paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied.

99.     Admitted that sections three (c) and three (d) of Executive Order 14,222 include the text quoted in the first sentence of this paragraph, with the exception of the alterations in brackets. Further admitted that section three (g) of Executive Order 14,222 includes the text quoted in the second sentence of this paragraph, with the exception of the alteration in brackets. Further admitted

13

that section four (d) of Executive Order 14,222 includes the text quoted in the third sentence of this paragraph, with the exception of the alteration in brackets. Defendants refer the Court to Executive Order 14,222 for a complete statement of its contents. Otherwise denied.

100.    This paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied.

101.    Admitted that section three (f) of Executive Order 14,222 includes the text quoted in this paragraph, with the exception of the alteration in brackets. Defendants refer the Court to Executive Order 14,222 for a complete statement of its contents. Otherwise denied.

102.    This paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied.

103.    Admitted that section three (d) of Executive Order 14,222 includes the text quoted in this paragraph, with the exception of the alteration in brackets, although as indicated by the ellipses certain text is omitted. Defendants refer the Court to Executive Order 14,222 for a complete statement of its contents. Otherwise denied.

104.    The first sentence of this paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied. Otherwise denied.

105.    Admitted that section three (e) of Executive Order 14,222 includes the text quoted in the first sentence of this paragraph, with the exception of the alteration in brackets. Defendants refer the Court to Executive Order 14,222 for a complete statement of its contents. Otherwise denied. The second sentence of this paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied.

106.    This paragraph consists of legal conclusions as to which no response is required.

107.    This paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied as a gross oversimplification of the federal budgeting process and related authorities.

108.    Admitted that Executive Order No. 14,222 does not purport to create an office of the United States. The remainder of this paragraph consists of a legal conclusion as to which no response is required. To the extent the paragraph purports to refer to additional unidentified "executive orders," Defendants have insufficient information to admit or deny any such allegation.

109.    The first sentence of this paragraph is admitted. Further admitted that the quoted language appears on page 9 of the cited GAO report. Defendants refer the Court to the cited report for a full statement of its contents. Otherwise denied.

110.    Admitted that the US Digital Service was formerly housed in the Office of Management and Budget, but that USDS is established in the Executive Office of the President, that its Administrator reports to the White House Chief of Staff, and that Mr. Musk reported to the President of the United States during his tenure as a special government employee and Advisor to the President. Otherwise denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

111.    Admitted that the quoted language in this paragraph is included in a statement from the then-Administrator of the U.S. Digital Service to Congress in 2016. Defendants refer the Court to the cited transcript for a full statement of its contents. Otherwise denied.

112.    Admitted that Congress provided appropriations for the U.S. Digital Service. Otherwise denied.

113.    Admitted that Congress has not established an entity entitled "Department of Government Efficiency." The remainder of this paragraph consists of legal conclusions, and the

final sentence includes contentions as to which the Court has ruled it has no jurisdiction, *see* ECF No. 119, as to which no response is required. To the extent a response is required, denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

114.    Admitted that section three (b) of Executive Order 14,158 includes the text quoted in the first sentence of this paragraph. Defendants refer the Court to Executive Order 14,158 for a complete statement of its contents. Admitted that the title of 5 U.S.C. § 3161 is "Employment and compensation of employees." Otherwise denied.

115.    This paragraph consists of legal conclusions as to which no response is required. Defendants refer the Court to 5 U.S.C. § 3161 for a statement of its contents. To the extent a response is required, denied.

116.    This paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied.

117.    This paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied.

118.    This paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied.

119.    This paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied.

120.    This paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied.

121.    This paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, consistent with Plaintiffs' definition of the term "DOGE" in

16

Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," admitted that no such entity entitled "DOGE" exists. Otherwise denied.

122.    This paragraph consists of legal conclusions as to which no response is required.

123.    This paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied.

124.    This paragraph consists of legal conclusions as to which no response is required.

125.    This paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied.

126.    This paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied.

127.    This paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied.

128.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

129.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

130.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

131.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

132.    This paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied.

133.    Admitted that Mr. Musk attended a Cabinet meeting held on February 26, 2025. Defendants lack information sufficient to confirm or deny the remainder of this paragraph.

134. This paragraph characterizes and quotes from a court document. Defendants refer the Court to that document for a full and accurate description of its contents and further deny any characterization inconsistent therewith. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

135. This paragraph characterizes, quotes, and describes several public statements and news articles. Defendants refer the Court to those statements and news articles for a full and accurate description of their contents and further deny any characterization inconsistent therewith. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" outside of any quotation of any statement outside the Complaint, which statement speaks for itself, are denied.

136. This paragraph characterizes, quotes, and describes various public statements. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" outside of any quotation of any statement outside the Complaint, which statement speaks for itself, are denied.

137. This paragraph characterizes, quotes, and describes various public statements. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" outside of any quotation of any statement outside the Complaint, which statement speaks for itself, are denied.

138.    This paragraph characterizes, quotes, and describes various public statements made on X. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" outside of any quotation of any statement outside the Complaint, which statement speaks for itself, are denied.

139.    This paragraph characterizes, quotes, and describes a statement made in a post on X. Defendants refer the Court to that statement for a full and accurate description of its contents and further deny any characterization inconsistent therewith. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" outside of any quotation of any statement outside the Complaint, which statement speaks for itself, are denied.

140.    This paragraph characterizes, quotes, and describes various public statements made on X and in a press conference. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, Defendants deny that "the Director of the Office of Administration claimed that Mr. Musk had no affiliation with DOGE" as a gross mischaracterization of a declaration filed in a case consolidated with this action. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" outside of any quotation of any statement outside the Complaint, which statement speaks for itself, are denied.

141.    Defendants admit that Amy Gleason is the Acting Administrator of the United States DOGE Service. The remainder of this paragraph characterizes, quotes, and describes various statements, including statements made at a press conference, as reported in a news article, and at a court hearing by a government attorney. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

142.    This paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

143.    This paragraph consists of Plaintiffs' characterization of their claims and legal conclusions as to which no response is required. To the extent a response is required, denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

144.    The first sentence in this paragraph consists of Plaintiffs' characterization of their claims and legal conclusions as to which no response is required. To the extent a response is required, denied. The next sentence contains a series of six items, which are: (1) denied; (2) denied; (3) denied; (4) contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required; (5)  contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required; and (6) contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. To the

extent a response is required, the allegations in items 4-6 are denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

145.    This paragraph consists of Plaintiffs' characterization of their claims and legal conclusions as to which no response is required. To the extent a response is required, denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

146.    For the first sentence, Defendants admit that their role is to provide assistance to agencies and deny that they issue "directives." The second sentence is denied. For the third sentence, parts of this sentence address contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required, and the remainder of the sentence is denied. The remainder of this paragraph concerns statements in a court document, as to which Defendants refer the Court to the cited document for a full and accurate description of its contents and further deny any characterization inconsistent therewith. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

147.    This paragraph consists of Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent a response is required, denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

148.    The first sentence of this paragraph consists of Plaintiffs' characterization of "[z]ero-based budgeting," to which no response is required. The remainder of this paragraph characterizes,

21

quotes, and describes a public statement made on X. Defendants refer the Court to that statement for a full and accurate description of its contents and further deny any characterization inconsistent therewith. The contention that that Mr. Musk operated "in the high-level role of a principal officer" constitutes a legal conclusion to which no response is required. To the extent a response is required, denied.

149.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, and legal conclusions, therefore no response is required. To the extent a response is required, denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

150.    This paragraph consists of Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent a response is required, denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

151.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. To the extent a response is required, denied. Further, the final sentence consists of Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent a response is required, denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

152.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. To the extent a response is

required, denied. Further, the final sentence consists of Plaintiffs' characterization of their claims and legal conclusions to which no response is required. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

153.    This paragraph consists of Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent a response is required, this paragraph characterizes, quotes, and describes a statement made in a post on X. Defendants refer the Court to that statement for a full and accurate description of its contents and further deny any characterization inconsistent therewith. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

154.    This paragraph consists of Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent a response is required, denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

155.    This paragraph characterizes, quotes, and describes statements made in posts on X. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" outside of any quotation of any statement outside the Complaint, which statement speaks for itself, are denied.

156.    This paragraph characterizes, quotes, and describes public statements made at a press conference, as to which Defendants refer the Court to those statements for a full and accurate

23

description of their contents and further deny any characterization inconsistent therewith. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" outside of any quotation of any statement outside the Complaint, which statement speaks for itself, are denied.

157.    This paragraph characterizes, quotes, and describes statements made in posts on X. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent Plaintiffs refer to "DOGE" in this paragraph in a manner consistent with their definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

158.    This paragraph characterizes, quotes, and describes statements made in posts on X. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith.

159.    This paragraph characterizes, quotes, and describes statements made on a website. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. In addition, the fourth sentence of this paragraph consists of Plaintiffs' characterization of their claims and legal conclusions as to which no response is required. To the extent a response is required, denied. To the extent Plaintiffs refer to "DOGE" in this paragraph in a manner consistent with their definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

160.    The first sentence of this paragraph is denied. The final sentence is a legal conclusion as to which no response is required. Consistent with Plaintiffs' definition of the term "DOGE" in

24

Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" outside of any quotation of any statement outside the Complaint, which statement speaks for itself, are denied.

161. This paragraph consists of Plaintiffs' characterization of their claims and legal conclusions as to which no response is required. To the extent a response is required, denied.

162. The first sentence of this paragraph consists of Plaintiffs' characterization of their claims and legal conclusions as to which no response is required. To the extent a response is required, denied. The remainder of this paragraph characterizes, quotes, and describes various public statements, as to which Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

163. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," denied.

164. This paragraph characterizes, quotes, and describes public statements made at a press conference. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

165. This paragraph characterizes, quotes, and describes statements made in posts on X. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. Consistent with Plaintiffs' definition of

the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" outside of any quotation of any statement outside the Complaint, which statement speaks for itself,  are denied.

166.    This paragraph characterizes a document filed in federal court. Defendants refer the Court to the cited document for a full and accurate statement of its contents and deny any characterization inconsistent therewith. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

167.    Admitted that the Treasury Department disburses payments on behalf of agencies throughout the federal government. Otherwise denied.

168.    This paragraph characterizes, quotes, and describes statements made in posts on X. Admitted that the cited statements contain the language quoted in this paragraph, with the exception of the alteration in brackets. Defendants refer the Court to those statements for a full and accurate description of its contents. Otherwise denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

169.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. To the extent a response is required, denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

170.    This paragraph consists of Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent a response is required, denied.

26

171.     This paragraph characterizes, quotes, and describes public statements as reported in a news article. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith.

172.     The first sentence of this paragraph is denied. The second and third sentences of this paragraph characterize, quote, and describe statements made in posts on X. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. The final sentence of this paragraph consists of Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent a response is required, denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency" all allegations in this paragraph relating to "DOGE" outside of any quotation of any statement outside the Complaint, which statement speaks for itself,  are denied.

173.     The first sentence of this paragraph is denied. The second sentence of this paragraph characterizes, quotes, and describes statements made in posts on X. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. The final sentence of this paragraph consists of Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent a response is required, denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

174.     Admitted that on or about February 10, 2025, certain payments made to the City of New York as part of a FEMA grant program were canceled. Otherwise denied.

175.     This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

176.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

177.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

178.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

179.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

180.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

181.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

182.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

183.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

184.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

185.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

186.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

187.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

188.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

189.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

190.    This paragraph consists of Plaintiffs' characterization of their claims and legal conclusions and addresses contentions over which the Court has ruled Plaintiffs have failed to state a claim and as to which the Court concluded it lacks jurisdiction, *see* ECF No. 119, therefore no response is required. To the extent a response is required, denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

191.    This paragraph addresses contentions over which the Court has ruled Plaintiffs have failed to state a claim and as to which the Court concluded it lacks jurisdiction, *see* ECF No. 119, therefore no response is required. To the extent a response is required, denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

192.    This paragraph addresses contentions over which the Court has ruled Plaintiffs have failed to state a claim and as to which the Court concluded it lacks jurisdiction, *see* ECF No. 119, therefore no response is required. To the extent a response is required, the first two sentences of this paragraph characterize, quote, and describe statements made in posts on X. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. To the extent a response is required, the third sentence is admitted. Otherwise denied.

193.    This paragraph addresses contentions over which the Court has ruled Plaintiffs have failed to state a claim and as to which the Court concluded it lacks jurisdiction, *see* ECF No. 119, therefore no response is required. To the extent a response is required, denied, and to the extent this paragraph characterizes, quotes, and describes statements made in posts on X, Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith.

194.    This paragraph addresses contentions over which the Court has ruled Plaintiffs have failed to state a claim and as to which the Court concluded it lacks jurisdiction, *see* ECF No. 119, therefore no response is required. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," denied.

195.    This paragraph addresses contentions over which the Court has ruled Plaintiffs have failed to state a claim and as to which the Court concluded it lacks jurisdiction, *see* ECF No. 119, therefore no response is required. To the extent a response is required, denied, and to the extent this paragraph characterizes, quotes, and describes public statements as reported in a news article and statements made in posts on X, Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

196.    This paragraph addresses contentions over which the Court has ruled Plaintiffs failed to state a claim and as to which the Court concluded it lacks jurisdiction, *see* ECF No. 119, therefore no response is required. To the extent a response is required, denied, and to the extent this paragraph also characterizes, quotes, and describes statements made in a public report, Defendants refer the Court to those statements for a full and accurate description of their contents and further

deny any characterization inconsistent therewith. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

197.    This paragraph addresses contentions over which the Court has ruled Plaintiffs have failed to state a claim and as to which the Court concluded it lacks jurisdiction, *see* ECF No. 119, therefore no response is required. To the extent a response is required, denied, and to the extent this paragraph characterizes a document filed in federal court, Defendants refer the Court to the cited document for a full and accurate statement of its contents and deny any characterization inconsistent therewith. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

198.    The first and last sentences of this paragraph are denied. The second, third, fourth, and fifth sentences characterize, quote, and describe statements made on a website. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. The sixth sentence is admitted. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

199.    This paragraph consists of Plaintiffs' characterization of their claims and legal conclusions as to which no response is required. To the extent a response is required, denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

200.    This paragraph purports to characterize statements on X. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith.

201.    This paragraph purports to attribute a post on X to Mr. Musk, but the cited post indicates that it was posted by an account not identified as Mr. Musk's and is therefore denied. Defendants refer the Court to that post for a full and accurate description of its contents and further deny any characterization inconsistent therewith.

202.    The first sentence in this paragraph is admitted. The second sentence consists of a legal conclusion as to which no response is required.

203.    This paragraph purports to characterize a statement on X. Defendants refer the Court to that statement for a full and accurate description of its contents and further deny any characterization inconsistent therewith. Otherwise denied.  Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

204.    Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," denied.

205.    Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.  The first sentence in this paragraph is admitted to the extent it alleges that "[t]here are at least six federal employees working as part of a 'DOGE Team' at the Department of Education." The second sentence of this paragraph purports to characterize statements in a declaration filed in federal court. Admitted that paragraph 4 of the cited declaration includes the language quoted in this paragraph. Defendants refer the Court to the cited declaration for a complete and accurate statement of its contents. Otherwise denied. The final sentence in this

paragraph constitutes a legal conclusion as to which no response is required. To the extent a response is required, denied.

206.    This paragraph purports to characterize statements in a declaration filed in federal court. Admitted that paragraph 11 of the cited declaration includes the language quoted in this paragraph, with the exception of the alteration that appears in brackets. Defendants refer the Court to the cited declaration for a complete and accurate statement of its contents. Otherwise denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

207.    This paragraph contains legal conclusions as to which no response is required. To the extent a response is required, denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

208.    This paragraph purports to characterize statements in a declaration filed in federal court. Admitted that the cited declaration includes the language quoted in this paragraph, albeit without the emphasis added by Plaintiffs in the Complaint. Defendants refer the Court to the cited declaration for a complete and accurate statement of its contents. Otherwise denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

209.    The first sentence in this paragraph purports to characterize a statement on X. Admitted that the cited statement contains the quoted language in the first sentence of this paragraph. Defendants refer the Court to the cited statement for a complete statement of its contents. Defendants do not have sufficient information to admit or deny the allegations in the

33

second and third sentence of this paragraph. The final sentence of this paragraph is denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

210.    The first sentence of this paragraph is admitted. Defendants do not have sufficient information to admit or deny the allegations in the second and third sentences in this paragraph. The final two sentences in this paragraph are denied, except to the extent that the final sentence contains the allegation that Executive Order 14,222 includes the text appearing in quotation marks in that sentence, which is admitted. Defendants refer the Court to Executive Order 14,222 for a complete statement of its contents.

211.    The first sentence of this paragraph purports to characterize certain statements on X. Defendants refer the Court to the cited statements for a complete and accurate statement of their contents. The final three sentences in this paragraph are denied, except to the extent that the final sentence contains the allegation that Executive Order 14,222 includes the text appearing in quotation marks in that sentence, which is admitted. Defendants refer the Court to Executive Order 14,222 for a complete statement of its contents. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

212.    The first sentence of this paragraph is denied. The remainder of this paragraph purports to characterize certain statements on X. Defendants refer the Court to the cited statements for a complete and accurate statement of their contents. Otherwise denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

213.    Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied. Otherwise denied.

214.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

215.    Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied. The second sentence purports to characterize statements in a declaration filed in federal court. Admitted that the cited paragraph of the declaration contains the language quoted in the second sentence in this paragraph. Defendants refer the Court to the declaration for a complete statement of its contents. The third sentence of this paragraph is admitted to the extent that it states the factual contention that certain Department of Education information technology and data systems contain personal information for over 40 million student loan recipients.  Otherwise denied.

216.    This paragraph consists of Plaintiffs' characterization of their claims and legal conclusions to which no response is required. This paragraph further addresses contentions that the Court has held failed to state a claim and over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. To the extent a response is required, denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

217.    The first sentence of this paragraph addresses contentions that the Court has held failed to state a claim and over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. To the extent a response is required, denied.  The remainder of

35

this paragraph purports to characterize a statement on X. Admitted that the quoted text in the second sentence of this paragraph appears in the cited statement. Defendants refer the court to the statement for a complete statement of its contents. Otherwise denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

218.    This paragraph consists of legal conclusions, as to which no response is required. To the extent a response is required, denied.

219.     This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

220.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

221.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

222.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. Consistent with Plaintiffs' definition

of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

223. This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

224. This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

225. This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

226. This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

227. This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

228.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

229.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

230.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

231.    The first two sentences of this paragraph are denied. The third sentence of this paragraph purports to characterize a statement on X. Defendants refer the Court to a complete and accurate statement of its contents and deny any characterization inconsistent therewith. The fourth sentence of this paragraph is denied. The final sentence addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, and consists of legal conclusions, therefore no response is required. To the extent a response is required, denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

232.    Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied. The first sentence in this paragraph is thus denied. The second sentence in this paragraphs purport to characterize a statement on X. Admitted that the cited

38

statement includes the text quoted in the second sentence of this paragraph. Defendants refer the Court to the cited statement for a complete and accurate statement of its contents. Otherwise denied. The third sentence in this paragraph cites to two documents that do not support the claimed statement, and is therefore denied. The fourth sentence in this paragraph is admitted. The fifth sentence in this paragraph is denied. The final sentence addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, and consists of legal conclusions, therefore no response is required. To the extent a response is required, denied.

233.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

234.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

235.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

236.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

237.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. Consistent with Plaintiffs' definition

of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

238.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.  The paragraph further contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

239.    Admitted.

240.    This paragraph purports to characterize a statement on X. Defendants refer the Court to the cited statement for a complete statement of its contents. Otherwise denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

241.    Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," denied.

242.    The first two sentences in this paragraph are admitted. Defendants do not have sufficient information to admit or deny the information contained in the final sentence of this paragraph.

243.    Admitted that the cited document includes the text quoted in this paragraph. Defendants refer the Court to the cited document for a complete statement of its contents. Otherwise denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

244.     The allegations in this paragraph consist of legal conclusions and require no response. To the extent a response is required, denied.

245.     This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

246.     This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. To the extent a response is required, this paragraph cites to a document that does not support the claimed statement, and is therefore denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

247.     Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," denied.

248.     Denied.

249.     Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," the first three sentences in this paragraph are denied. The final statement of this paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

250.     Admitted that the cited statement contains the quoted language in this paragraph, with the exception of the bracketed text, although as indicated by the ellipses, certain text from the statement is omitted. Defendants refer the Court to the text of the cited statement for a full statement of its contents.

251.     Admitted that the cited statement contains the quoted language in this paragraph, although the two separate quotations are not part of the same sentence in the underlying statement

and are inaccurately combined in the Complaint a misleading manner. Defendants refer the Court to the text of the cited statement for a full and accurate statement of its contents.

252.    This paragraph cites to a document that does not support the claimed statement, and is therefore denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

253.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

254.    The first sentence and the first clause of the second sentence in this paragraph are admitted. Defendants do not have sufficient information to form a belief as to the truth of the allegations in the second clause of the second sentence. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," the third sentence in this paragraph is denied.

255.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

256.    Admitted.

257.    This paragraph cites to a document that does not support the claimed statement, and is therefore denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

258.    The first two sentences of this paragraph are admitted. The third sentence cites to a document that does not support the claimed statement, and is therefore denied. The final two sentences of this paragraph address contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. Consistent with Plaintiffs' definition

of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

259.    The first sentence in this paragraph is denied. The remainder of this paragraph is admitted.

260.    The first three sentences of this paragraph characterize, quote, and describe public statements as reported in a news article and various posts on X. Defendants refer the Court to those statements for a full and accurate description of their contents and further deny any characterization inconsistent therewith. The final two sentences of this paragraph address contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

261.    Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," denied.

262.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

263.    The first three sentences in this paragraph are denied. The final two sentences of this paragraph address contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required.

264.    This paragraph consists of Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent a response is required, denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

43

265.     This paragraph consists of Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent a response is required, denied. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

266.     This paragraph consists of Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent a response is required, admitted that Mr. Musk was not confirmed by the Senate and does not occupy an office created by Congress, and that "DOGE," consistent with Plaintiffs' definition of the term set forth in Paragraph 1to refer to a concededly non-existent "Department of Government Efficiency," "is not a federal department." Otherwise denied.

267.     This paragraph consists of Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent a response is required, denied.

268.     Denied.

269.     This paragraph purports to quote Mr. Musk, but in fact purports to quote a statement on X from someone else purporting to attribute remarks to Mr. Musk, although Defendants note that the quotations in the paragraph do not accurately reflect the purportedly quoted statement. Defendants refer the Court to the cited statement for a full and accurate statement of its contents and deny any characterization inconsistent therewith.

270.     This paragraph consists of Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent a response is required, denied.

271.     This paragraph consists of Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent a response is required, denied.

272.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph further contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

273.    Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

274.    Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

275.    Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

276.    Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

277.    Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

278.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph further contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

279.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph further contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

280.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph further contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

281.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph further contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

282.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

283.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of

these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

284.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

285.    This paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

286.    This paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

287.    This paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

288.    This paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

289.    This paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

290.    This paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

291.    This paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

292.    This paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

293.    Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

294.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph further contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

295.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph further contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

296.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

297.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

298.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

299.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

300.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

301.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

302.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's

characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

303. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

304. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

305. This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

306. This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

307. This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is

required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

308.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

309.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

310.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

311.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

312.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

313.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

314.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

315.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's

characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

316.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

317.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

318.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer

to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

319.    Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

320.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

321.    This paragraph addresses contentions over which the Court has ruled it has no jurisdiction, *see* ECF No. 119, therefore no response is required. The paragraph contains a plaintiff's characterization of its putative injuries, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Consistent with Plaintiffs' definition of the term "DOGE" in Paragraph 1 to refer to a concededly non-existent "Department of Government Efficiency," all allegations in this paragraph relating to "DOGE" are denied.

322.    Defendants incorporate by reference their responses to the preceding paragraphs.

323.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

324.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

325.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

326.    The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

327.    The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

328.    The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

329.    The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

330.    Defendants incorporate by reference their responses to the preceding paragraphs.

331.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

332.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

333.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

334.    Admitted that Mr. Musk does not occupy an office as the head of a department in the United States government. The remainder of the allegations consist of legal conclusions as to which no response is required. To the extent a response is required, they are denied.

335.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

336.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

337.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

338.    The allegations in this paragraph set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

339.    The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

340.    The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

341.    The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

342.    The allegations in this paragraph relate to claims dismissed by the Court, *see* ECF Nos. 119 & 120, and require no response.

The statements on pages 102-104 consist of Plaintiffs' Prayer for Relief and require no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought or any other relief.

Defendant further denies all allegations in Plaintiffs' complaint not expressly admitted or denied.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' claims fall outside the scope of this Court's subject-matter jurisdiction.

2.    Plaintiffs fail to state a claim on which relief can be granted.


Dated: May 4, 2026                                Respectfully submitted,

                                                  BRETT A. SHUMATE
                                                  Assistant Attorney General

57

DIANE KELLEHER
Director, Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director, Federal Programs Branch

/s/ *Christopher M. Lynch*
CHRISTOPHER M. LYNCH
(DC Bar No. 1049152)
JACOB S. SILER (DC Bar No. 1003383)
JAMES J. WEN (NY Bar No. 5422126)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
(202) 353-4537
christopher.m.lynch@usdoj.gov

*Attorneys for Defendants*

58