**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF NEW MEXICO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ELON MUSK, in his official capacity, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-00429-TSC (Lead) |
| JAPANESE AMERICAN CITIZENS LEAGUE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ELON MUSK, in his official capacity, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-00643-TSC |

## JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f) AND L. R. CIV. P. 16.3(d)

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3, counsel for the Parties conferred on May 8, 2026, and submit the following report of their meeting to the Court.

### I.   Brief Statement of Case and Bases for Causes of Actions and Defenses

**Plaintiffs' Position:** Plaintiffs Japanese American Citizens League, OCA – Asian Pacific American Advocates, Sierra Club, and Union of Concerned Scientists allege (1) that Defendants Elon Musk, Amy Gleason, and the U.S. DOGE Service are acting without any lawfully conferred authority by ordering agency officials to terminate grants and cut spending and (2) that the head of DOGE is violating the Appointments Clause of the U.S. Constitution by acting as a principal officer of the United States without Senate confirmation by directing or causing the terminations of grants and

1

spending and Defendant Musk's same previous conduct continues to result in ongoing harm to Plaintiffs. Plaintiffs seek declaratory relief that Mr. Musk's and the head of DOGE's officer-level actions violate the Appointments Clause and have no legal effect and that Defendants' aforementioned actions were *ultra vires* and have no legal effect. Plaintiffs also seek to enjoin Defendants from directing or causing such terminations, including through policies, rules, practices, or other programming, and from implementing the February 26, 2025, Executive Order No. 14222 "Implementing the President's 'Department of Government Efficiency' Cost Efficiency Initiative" and to vacate any implementing guidance.

**Defendants' Position:** Defendants Amy Gleason and the U.S. DOGE Service (collectively "USDS" or "Defendants")[1] submit that Plaintiffs' claims are legally deficient and based on incorrect factual premises.  Defendants deny that Mr. Musk had any legal power or office of the United States that made his role as an advisor to the President subject to the Appointments Clause, or himself took any action binding the United States government alleged by Plaintiffs or that he or Defendants "order[ed] agency officials" to take any such actions. Defendants deny that there is any office or position in the United States government entitled "Head of DOGE" as that phrase is used by Plaintiffs; USDS is headed by an Administrator, the role in which Ms. Gleason has been acting since February 18, 2025, prior to the February 26, 2025 Executive Order referenced by Plaintiffs above. *See* E.O. 14222. Pursuant to that Executive Order, the heads of government agencies are directed to take certain actions, including review of agency contracts and grants, about some of which Plaintiffs apparently complain.

II.    **Proposed Schedule, Local Rule 16.3(d):**

---

[1] The Court dismissed all other parties named as defendants in this case except Elon Musk.  ECF No. 119 at 18. Mr. Musk, who was named as a defendant in his official capacity only, left his role as Senior Advisor to the President on May 28, 2025 and has not been an employee of the White House since that date.  *See* ECF No. 117-1, ¶ 4. He thus no longer serves in the "official capacity" in which he was named as a defendant, and has no successor, leaving no Defendant to be substituted in his place. *Cf.* Fed R. Civ. P. 25(d).

In accordance with this Court's Minute Order dated May 5, 2026, the Parties have attached a proposed Scheduling Order.

## III.    Proposed Discovery Plan, Local Rule 16.3(d):

**Plaintiffs' Position:** Plaintiffs propose that fact discovery should be completed within eight (8) months of its commencement, an appropriate period to facilitate the development of their claims ahead of dispositive motions and/or trial.

Plaintiffs plan to seek information related to the actions Defendants have taken to initiate cuts or institute policies regarding the termination of grants or other funding at, including but not limited to, the National Park Service, United States Forest Service, Bureau of Land Management, National Aeronautics and Space Administration, Environmental Protection Agency, National Institutes of Health, National Oceanic and Atmospheric Administration, Department of Agriculture, Substance Abuse and Mental Health Services Administration, and Department of Education. Plaintiffs will also seek information about the effects those cuts had and are currently having on services provided and information produced by the respective agencies and their employees.

Plaintiffs anticipate that the bulk of the discovery will be through depositions, interrogatories, requests for admission, and requests for production to gather information regarding the decision making process to terminate the grants or other funding at the respective agencies referenced above and the identities of the personnel who made such decisions. Plaintiffs will seek to depose Defendants Elon Musk, Amy Gleason, a 30(b)(6) DOGE representative(s), as well as DOGE employees or DOGE-affiliated personnel to ascertain which cuts they initiated at the agencies listed above. Information regarding such actions is necessary and relevant under Federal Rule of Civil Procedure 26 to Plaintiffs' Appointments Clause and ultra vires claims that, by taking such actions, Defendant Musk and the new head of DOGE unlawfully exercised the powers of a principal officer of the United States and that he, Defendant Gleason, and DOGE employees and/or affiliated personnel have acted without lawful authority.

**Defendants' Position:** Defendants submit that the majority of facts in this case can be established by stipulation, with at most limited written or other discovery that must be narrowly tailored to avoid burden on the White House, consistent with the principles articulated in *Cheney v. U.S. District Court*, 542 U.S. 367, 389 (2004). Defendants further submit that, at a minimum, Plaintiffs' proposed depositions of Mr. Musk and Ms. Gleason—a former senior advisor to the President and a sitting head of a component of the Executive Office of the President, respectively—are improper absent a showing that Plaintiffs have not made and, Defendants submit, will be unable to make. *See, e.g., In re Musk*, 169 F.4th 445 (4th Cir. 2026); *In re U.S.A.*, 624 F.3d 1368, 1376 (11th Cir. 2010); *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586-87 (D.C. Cir. 1985). Defendants do not believe any discovery related to the National Aeronautics and Space Administration is appropriate or warranted, as Plaintiffs offered no allegations as to this agency in their Complaint.

IV.    **Topics under Local Rule 16.3(c):**

The Parties have met and conferred to discuss the topics under Local Rule 16.3(c) and state as follows:

1. **Whether the Case is Likely to be Disposed of by Dispositive Motion; and Whether, if a Dispositive Motion Has Already Been Filed, the Parties Should Recommend to the Court that Discovery or Other Matters Should Await a Decision on the Motion.**

On March 23, 2026, the Court granted in part and denied in part Defendants' Motion to Dismiss. ECF 120.

**Plaintiffs' Position:** Plaintiffs may file a dispositive motion after the close of discovery. Because Defendants' Motion to Dismiss has been decided, Discovery should commence immediately upon the completion of the parties Rule 26(f) conference.

**Defendants' Position:** Defendants respectfully submit that this matter should be decided on motions for summary judgment and anticipate moving for summary judgment at the close of

discovery.  Without waiving any objection to any particular discovery request or requests, Defendants do not oppose the commencement of discovery at this time.

2.  **The Date by Which Any Other Parties Shall Be Joined or the Pleadings Amended, and Whether Some or All the Factual and Legal Issues Can Be Agreed Upon or Narrowed.**

The Parties do not intend to request joinder or amendment of pleadings but reserve the right to seek Court approval to do so (or to oppose any such request) if information that they believe would warrant such a request becomes available through discovery. The Parties will work together to narrow or agree upon any factual issues that can be narrowed or agreed upon.

3.  **Omitted per Local Rule 16.3(c)(3).**

4.  **Whether There Is a Realistic Possibility of Settling the Case.**

The parties will continue to explore settlement as this case proceeds, but do not believe the case will be resolved through settlement.

5.  **Whether the Case Could Benefit From the Court's Alternative Dispute Resolution (ADR) Procedures (or Some Other Form of ADR); What Related Steps Should Be Taken to Facilitate Such ADR; and Whether Counsel Have Discussed ADR and Their Response to This Provision With Their Clients.**

The parties do not believe ADR would be productive or helpful at this stage of the litigation but will continue to consider its viability. Counsel have discussed ADR with their clients.

6.  **Whether the Case Can Be Resolved by Summary Judgment or Motion to Dismiss; Dates for Filing Dispositive Motions and/or Cross-Motions, Oppositions, and Replies, and Proposed Dates for a Decision on the Motions.**

The Parties' proposed schedule, set forth in the attached Proposed Scheduling Order, includes dates for briefing on cross-dispositive motions.

**Plaintiffs' Position:** Plaintiffs may file a motion for summary judgment if no genuine issues of material fact remain at or before the close of discovery.

**Defendants' Position**: Defendants respectfully submit that this matter should be decided on motions for summary judgment and anticipate moving for summary judgment at the close of discovery. Defendants defer to the Court as to the timing of any resolution of dispositive motions.

7. **Whether the Parties Should Stipulate to Dispense with the Initial Disclosures Required by Fed. R. Civ. P. 26(a)(1), and if Not, What if Any Changes Should be Made in the Scope, Form, or Timing of Those Disclosures.**

**Plaintiffs' Position:** Plaintiffs do not agree to dispense with initial disclosures required by Fed. R. Civ. P. 26(a)(1). Plaintiffs agree with Defendants' request that the time to serve initial disclosures be extended to 30 days after the filing of this report.

**Defendants' Position:** Defendants believe that initial disclosures are unnecessary, but in light of Plaintiffs' position, request that the time to serve initial disclosures be extended to 30 days after filing of this report.

8. **The Anticipated Extent of Discovery, How Long Discovery Should Take, What Limits Should Be Placed on Discovery; Whether a Protective Order is Appropriate; and a Date for the Completion of All Discovery, Including Answers to Interrogatories, Document Production, Requests for Admissions, and Depositions.**

A proposed Scheduling Order is attached to this report. The Parties have set forth their positions on discovery in Part III of this report. The Parties anticipate a protective order may be necessary to protect the personal identifying information of their membership and current or former government employees and will meet and confer on a potential proposed protective order for submission to the Court.

9. **Any Issues about Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in Which It Should Be Produced.**

The Parties expect discovery will include ESI, including emails, text messages, and messages via any encrypted messaging service upon which government business was conducted. The Parties agree to produce all documents electronically, in PDF format, as well as in any native digital format for excel files. The Parties agree to confer should either party see a need for native versions of any other specified files. The Parties agree that they will stamp their respective document productions with individual Bates numbers. The Parties agree that, should any issue arise regarding the retention of ESI, the parties will confer before seeking relief.

10. **Any Issues About Claims of Privilege or of Protection as Trial-Preparation Materials, Including—if the Parties Agree on a Procedure to Assert These Claims After Production—Whether to Ask the Court to Include their Agreement in an Order under Federal Rule of Evidence 502.**

The Parties anticipate that claims of privilege will arise and expect to mostly confer about these issues in the ordinary course of discovery, including by providing an appropriate privilege log and through the meet and confer process.

11. **Whether the Requirement of Exchange of Expert Witness Reports and Information Pursuant to Fed. R. Civ. P. 26(a)(2), Should Be Modified, and Whether and When Depositions of Experts Should Occur.**

**Plaintiffs' Position:** Plaintiffs are considering the use of experts. Plaintiffs do not request modification of Fed. R. Civ. P. 26(a)(2) at this time and have proposed dates for the exchange of Rule 26(a)(2) reports in the Proposed Scheduling Order attached to this report.

**Defendants' Position:** Defendants do not anticipate offering any affirmative expert testimony and intend to offer expert testimony only in rebuttal to any expert testimony offered by Plaintiffs.

12. **In Class Actions, the Appropriate Procedures for Dealing with Rule 23, Fed. R. Civ. P. Proceedings, Including the Need for Discovery and the Timing Thereof, Dates for Filing a Rule 23 Motion, and Opposition and Reply, and for Oral Argument and/or an Evidentiary Hearing on the Motion and a Proposed Date for Decision.**

This matter is not a class action.

13. **Whether the Trial and/or Discovery Should Be Bifurcated or Managed in Phases, and a Specific Proposal for Such Bifurcation.**

The Parties do not believe this case needs to be bifurcated or managed in phases.

14. **The Date for the Pretrial Conference (Understanding That a Trial Will Take Place 30 to 60 Days Thereafter).**

**Plaintiffs' Position:** Plaintiffs propose that a pretrial conference date be scheduled as soon as practicable beginning June 1, 2027.

**Defendants' Position:** Defendants respectfully submit that this matter should be decided on motions for summary judgment and that no pretrial conference should be necessary. To the extent

the Court ultimately decides otherwise, Defendants believe scheduling the date for any such conference now is premature.

15. **Whether the Court Should Set a Firm Trial Date at the First Scheduling Conference or Should Provide That a Trial Date Will Be Set at the Pretrial Conference from 30 to 60 Days After That Conference.**

**Plaintiffs' Position:** Plaintiffs request that this Court set a trial date for July 12, 2027.

**Defendants' Position:** Defendants respectfully submit that this matter should be decided on motions for summary judgment and that no pretrial conference should be necessary. To the extent the Court ultimately decides otherwise, Defendants believe scheduling the date for any trial now is premature.

16. **Such Other Matters That the Parties Believe May Be Appropriate for Inclusion in a Scheduling Order.**

There are no such other matters that the Parties wish to raise at this time.

Respectfully submitted this 26th day of May, 2026.

| | |
|---|---|
| Gloria D. Smith** | */s/ Bruce V. Spiva* |
| Sanjay Narayan | Bruce V. Spiva (DC Bar No. 443754) |
| SIERRA CLUB ENVIRONMENTAL LAW PROGRAM | Daniel S. Lenz* |
| 2101 Webster Street, Suite 1300 | Robert Brent Ferguson (DC Bar No. 1782289) |
| Oakland, CA 94612 | Tara Malloy (DC Bar No. 988280) |
| (415) 977-5532 | Katherine Hamilton (DC Bar No. 90006168) |
| gloria.smith@sierraclub.org | Heather Szilagyi (DC Bar No. 90006787) |
| sanjay.narayan@sierraclub.org | Rachel Appel (DC Bar No. 90017750) |
| | CAMPAIGN LEGAL CENTER |
| *Counsel for Plaintiff Sierra Club* | 1101 14th St. NW, Suite 400 |
| | Washington, D.C. 20005 |
| | (202) 736-2200 |
| | bspiva@campaignlegalcenter.org |
| | dlenz@campaignlegalcenter.org |
| | bferguson@campaignlegalcenter.org |
| | tmalloy@campaignlegalcenter.org |
| | khamilton@campaignlegalcenter.org |
| | hszilagyi@campaignlegalcenter.org |
| | rappel@campaignlegalcenter.org |

*Counsel for Plaintiffs Japanese American Citizens League, OCA-Asian Pacific American Advocates, Sierra Club, and Union of Concerned Scientists*

*\*Admitted pro hac vice*
*\*\* pro hac vice forthcoming*

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

DIANE KELLEHER
Director, Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director, Federal Programs Branch

*/s/ Christopher M. Lynch*
CHRISTOPHER M. LYNCH
(D.C. Bar No. 1049152)
JACOB S. SILER (DC Bar No. 1003383)
JAMES J. WEN (NY Bar No. 5422126)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
(202) 353-4556
christopher.m.lynch@usdoj.gov
jacob.s.siler@usdoj.gov
james.j.wen@usdoj.gov

*Counsel for Defendants*